380 A.2d 326

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Edward R. VAUGHN, Sr., Appellant.**

Supreme Court of Pennsylvania.

Argued May 24, 1977.

Decided Dec. 1, 1977.

228

Gerald E. Ruth, York, for appellant.

Donald L. Reihart, Dist. Atty., Sheryl Ann Dorney, York, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POM-
EROY, NIX and MANDERINO, JJ.

## OPINION

MANDERINO, Justice.

On June 12, 1974, appellant, Edward R. Vaughn, Sr., was
arrested and charged with homicide for the slaying of one
Jay Zarilla, and with aggravated assault and battery against
appellant's wife. Both charges arose from the same episode.

Both the homicide and the assault and battery charges
were scheduled to be tried on August 19, 1974, in York
County Criminal Court. The cases were severed when ap-
pellant sought a protective order to prohibit his wife from
testifying against him in the homicide case. Appellant did
not request the severance. He did, however, request that
both cases be continued to the October, 1974, term of crimi-
nal court. On October 29, 1974, the case charging aggrava-
ted assault and battery was called to trial. During the trial,
the victim (appellant's wife) fainted, and the Court ordered
a mistrial.

The assault and battery charge was then scheduled to be
tried during the next criminal court session, commencing
January 13, 1975. When called to trial, the case was contin-
ued at the request of the prosecution. Appellant was again
tried on the aggravated assault and battery charge on
March 24, 1975, and was acquitted.

On May 2, 1975, appellant filed an application pursuant to
Pa.R.Cr.P. 1100 for dismissal of the homicide complaint,
alleging that the prosecution had failed to commence trial on
that charge within 270 days as required by Rule 1100.
(Because the complaint against appellant was filed prior to
July 1, 1974, the relevant period of time under Rule
1100(a)(1) is 270 days.) A hearing was held on May 9, 1975,
and the application was denied. Appellant's trial on the
homicide charge commenced on May 12, 1975, and on May
16, 1975, he was found guilty of voluntary manslaughter.
Post-verdict motions were denied and this appeal followed.

■ The prosecution argues initially that the issue of the propriety of the denial of appellant's Application for Dismissal under Rule 1100 is not properly before us ". . . as Defendant abandoned it at argument on post-trial motions. . . ." The trial court also held such belief, stating in its opinion denying appellant's post-verdict motions that

"[d]efendant's motion was based on a large number of grounds but he briefed only eight of them and we, therefore, consider the rest of them abandoned. We note parenthetically that among those grounds abandoned were the Court's ruling against him on issues involving Rule of Criminal Procedure 1100 and the suppression of the defendant's statements made to the police."

The trial court also stated:

"[a]t oral argument before the Court, the defendant requested an opportunity to brief the R.Cr.P. 1100 ruling but for reasons unknown to us has failed to do so. In any event we have reviewed Judge Blakey's rulings on both the R.Cr.P. 1100 and suppression issues and fully concur therein."

Appellant argues that the Rule 1100 issue was not abandoned on post-verdict motions, but was in fact presented both in the written motion and at oral argument. Our review of the record confirms counsel's assertion that the Rule 1100 claim was made in the written post-verdict motions. Appellant's counsel stated at oral argument on the post-verdict motions that the effect of the Superior Court decisions in *Commonwealth v. Shelton,* 239 Pa.Super. 195, 361 A.2d 873 (1976), and *Commonwealth v. Mayfield,* 239 Pa.Super. 279, 362 A.2d 994 (1976), was in question in light of our then recent grant of the prosecution's petitions for allowance of appeal in those cases. Counsel requested an opportunity to brief those cases and their effect on the instant case. The court's order and opinion (quoted in part above), was issued prior to our decisions in *Commonwealth v. Shelton,* 469 Pa. 8, 364 A.2d 694 (1976) and *Commonwealth v. Mayfield,* 469 Pa. 214, 364 A.2d 1345 (1976); no brief had

been submitted by appellant's counsel concerning the effect of *Shelton* and *Mayfield* on the instant case at that time. Following the court's order denying post-verdict motions, appellant filed a "Petition for Stay of the Order and Reargument," so that our decisions in *Shelton* and *Mayfield* could be considered. This petition was denied. *Shelton* and *Mayfield* were ultimately decided by us on October 8, 1976. Under these circumstances, we conclude that appellant has preserved the issue and we will therefore consider its merits.

In *Shelton* and *Mayfield* we held that,

"[t]he amount of time that has elapsed between the filing of the complaint, or other initiation of prosecution, and the date on which the Commonwealth applied for a continuance, or the defendant applied for dismissal, is to be computed from the date of the complaint to the date of the application, less any periods which are properly excludable pursuant to subsection (d) of the Rule."

*Commonwealth v. Gregg,* 470 Pa. 323, 368 A.2d 651, 656 (1977).

Because the trial in this case commenced more than 270 days after the filing of the complaint, the period in excess of 270 days must either be excluded from computation of the 270-day period under section (d) of Rule 1100, or be justified by an order properly granting an application by the prosecution for an extension of time pursuant to section (c). *Commonwealth v. Lamonna,* 473 Pa. 248, 373 A.2d 1355 (1977); *Commonwealth v. Shelton, supra.*

At no time prior to the commencement of trial did the prosecution request an extension pursuant to section (c). The only question remaining, therefore, is whether any of the period in excess of 270 days is excludable under section (d).

Rule 1100(d) provides:

"(d) In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:

(1) the unavailability of the defendant or his attorney;

(2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded."

The time period which elapsed between appellant's arrest on June 12, 1974, and the filing of the application to dismiss on May 2, 1975, equalled 324 days. Appellant concedes that the delay in commencement of trial that occurred from August 19, 1974, until the October term of criminal court resulted from his request for a continuance. We need not now decide whether the delay occasioned by appellant's request, and therefore excludable under Rule 1100(d)(2), extends from August 19, 1974, until the *commencement* of the October term of criminal court or to its *conclusion*. The October, 1974, term of criminal court in York County commenced on October 23, 1974 and concluded November 1, 1974. The period of time from August 19, 1974, (the date on which appellant requested a continuance until the October term of court) to November 1, 1974, (the *last* day in that term) totals 74 days. Deducting 30 days from that period pursuant to Rule 1100(d)(2) leaves 44 days excludable as a result of appellant's request for a continuance. Three hundred twenty-four days minus 44 days equals 280, still beyond the 270 day maximum prescribed by Rule 1100.

The prosecution asserts, however, that the 185-day period of time from October 29, 1974, the date of commencement of the assault trial, until May 2, 1975, should also be excluded because appellant was "unavailable" for trial on the homicide charge. During this period according to the prosecution, appellant was "unavailable" for trial on the homicide charge because he was being tried on the assault charge, and to also try him on the homicide charge would result in his being subjected to two trials before the same jury panel. Excluding this period, according to the prosecution, results in a period of time from arrest to the filing of the application for dismissal well within the requirements of the rule.

We cannot accept the prosecution's argument that a defendant is unavailable for trial within the meaning of Pa.R.

Cr.P. 1100(d)(1) for the entire criminal court, during which he is tried on separate criminal charges in the same county, without reference to the actual days consumed in the trial of those charges. We therefore reverse the judgment of sentence and order appellant discharged.

In the instant case, appellant sought and obtained a protective order preventing his wife from testifying against him in the homicide case. The order did not preclude her from testifying in the assault case, however, and because of the order, the trial court concluded that the cases should not be tried together. The trial court therefore ordered that the charges be severed. At no time did defense counsel request a severance. The prosecution then elected to proceed with the assault case, apparently believing that the case against appellant was stronger on the assault charge. At the same time the prosecution concluded that it could not properly bring both cases to trial at the same term of criminal court (and before the same jury panel) without prejudicing appellant or without creating a serious issue which could form the basis of an appeal.

Even if we *assume* that one who is being tried in another court room on other charges is ". . . absent under compulsory process requiring his appearance elsewhere in connection with other judicial proceedings," such a rule would apply here only for those days on which the assault trial was actually conducted, i. e., the period of delay resulting from his unavailability. See Comment, Pa.R.Cr.P. 1100. Because application of this portion of the Comments to Rule 1100 would result in an additional excluded period of less than ten days, the prosecution still has failed to establish that it brought appellant to trial in less than 270 days as computed under the rule.

■ Rule 1100(c) provides for the grant of an extension of time, upon application by the prosecution, in those cases where ". . . trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth." The proper course for the prosecution in this case would have been to make application for an extension pursu-

ant to Rule 1100(c). The prosecution, however, made no attempt to secure an extension of time pursuant to Rule 1100(c).

Having determined that appellant's homicide trial was not commenced within the time period prescribed by Rule 1100, and that no application for extension under Section (a)(2), (c), was granted to the prosecution, it follows that the charge against appellant must be dismissed with prejudice. *Commonwealth v. Shelton, supra.*

Judgment of sentence is reversed and appellant is discharged.