393 A.2d 955

**COMMONWEALTH of Pennsylvania**

v.

**Thomas W. QUINLAN, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1977.

Decided Oct. 27, 1978.

5. The Crimes Code, *supra*, 18 Pa.C.S.A. § 1104(1) and (2).

Robert F. Pappano, Assistant Public Defender, Chester, for appellant.

Frank T. Hazel, District Attorney, Media, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

Appellant was convicted of simple assault, terroristic threats, crimes committed with a firearm, and criminal conspiracy.[1] One of appellant's contentions is that he was not brought to trial within 180 days as required by Rule 1100 of the Pennsylvania Rules of Criminal Procedure. Pa.R. Crim.P. 1100(a)(2).[2] We agree and shall therefore order appellant discharged.[3]

The complaint was filed on August 12, 1975. Trial was scheduled for January 14, 1976. On January 14 defense counsel requested a continuance to January 19, which was granted. On January 16 defense counsel filed a motion to suppress evidence and a petition for a psychiatric examination of appellant. On January 19, after argument, the lower court deferred decision on the motion to suppress but granted the petition for a psychiatric examination; when defense counsel requested a continuance to allow time for the psychiatric examination the court granted the request and set a new trial date of March 8. Defense counsel noted on the continuance form: "Rule 1100 waived from date of continuance (1/19/76) to new trial date." Record Document # 12. On January 23 the lower court entered an order committing appellant to Farview State Hospital for "a complete psychiatric evaluation to determine his mental capacity at the time of the alleged incident . . . and his competency to stand trial."

On March 8 appellant was not brought down from Farview, and the Commonwealth requested a continuance, as-

**1.** The Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, eff. June 6, 1973, 18 Pa.C.S.A. §§ 2701, 2706, 6103 and 903 respectively.

**2.** Rule 1100(a)(2) provides:
Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed.

**3.** Because of this disposition we do not consider appellant's other contentions.

serting that Farview had been "checked," and that appellant was "listed for staff review on Apr. 2." Record Document # 15. The lower court granted the request and set a new trial date of April 5.

On March 25 defense counsel filed a petition to dismiss under Rule 1100(f), Pa.R.Crim.P. 1100(f),[4] alleging that the Commonwealth had failed to commence his trial within the prescribed time period of 180 days. On March 31 the court held a hearing on the petition to dismiss, and on other defense motions. On April 1 the court denied the petition to dismiss but granted "[appellant's] Motion for an Independent Psychiatric Examination, which Motion [appellant] submitted without prejudice in the event [appellant's] petition under Rule 1100 was not granted . . . ." In granting the motion for an independent psychiatric examination the court imposed several conditions, one of which was that "[appellant] . . . and his attorney . . . agreed to waive Rule 1100 for the period commencing March 31, 1976 and terminating 120 days thereafter."[5]

Trial was commenced on July 13. On July 15 the jury returned its verdict of guilty. Appellant timely filed written post-verdict motions raising *inter alia* the court's failure to grant his Rule 1100(f) petition to dismiss. The motions were denied, and sentence was imposed. This appeal followed.

In *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976), our Supreme Court stated how the mandatory period for commencing trial under Rule 1100 is to be determined:

Rule 1100 mandates the commencement of trial within a specifically defined period of time. It provides for two

---

**4.** Rule 1100(f) provides:

At any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that his Rule has been violated. A copy of such application shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon. Any order granting such application shall dismiss the charges with prejudice and discharge the defendant.

**5.** That is, on July 29, 1976.

exclusions from the computation of the mandatory period. Pa.R.Crim.P. 1100(d). Whether or not circumstances exist in any given case which warrant excluding certain periods of time pursuant to section (d) is to be determined when an accused applies for dismissal of the charges because of an alleged violation of the Rule pursuant to section (f). . . . Further, the Rule provides for extensions of the mandatory period where despite due diligence by the Commonwealth trial cannot be commenced within the mandatory period provided by the Rule or set forth in an order granting extension. Pa.R.Crim.P. 1100(c).

. . . . .

. . . Thus [where trial commences after the mandatory period] all of the delay beyond the . . . mandatory period

". . . must be either excluded from the computation [of the period, Pa.R.Crim.P. 1100(d)] or justified by an order granting an extension pursuant to the terms of the rule [Pa.R.Crim.P. 1100(c)] if the Commonwealth is to prevail."

*Id.*, 469 Pa. at 13–14, 364 A.2d at 696–97 (quoting *Commonwealth v. O'Shea*, 465 Pa. 491, 495, 350 A.2d 872, 874 (1976)) (footnote omitted).

It will be recalled from the statement of facts that the complaint was filed on August 12, 1975, so that the run date for the mandatory period would normally have been February 9, 1976,[6] but that on January 19 appellant agreed to waive Rule 1100 from that date until March 8. January 19 was the 160th day of the mandatory period. Therefore, counting from March 8, the Commonwealth had 20 days to commence trial, *i. e.,* until March 29.

In fact, trial did not commence until after March 29. Therefore, as we know from *Shelton,* appellant must be

---

**6.** Since the last day of the mandatory period fell on Feb. 8, 1976, a Sunday, it is not counted, and therefore the period terminated the next day on Mon., Feb. 9. *See* 1 Pa.C.S.A. § 1908, Act of Nov. 25, 1970, P.L. 707, No. 230, added 1972, Dec. 6, P.L. 1339, No. 290, § 3, imd. effective.

ordered discharged unless he was unavailable within the meaning of Rule 1100(d)(1),[7] or the Commonwealth filed, and the lower court granted, a petition extending the period.

In resisting appellant's petition to dismiss, the Commonwealth argued, and the lower court held, that appellant was unavailable for the entire period during which he was committed to Farview. The lower court said in its opinion:

> Rule 1100(d)(1) provides that those absences of the [appellant] which cause a delay in the proceedings of the case can be excluded. [Appellant] had requested the psychiatric evaluation to determine his competency. "Normally, any delay of trial caused by the incompetency of the defendant is justified because it is necessary for the protection of the defendant's right to a fair trial." *Commonwealth v. McQuaid*, 464 Pa. 499, 347 A.2d 465 (1976). Furthermore, our courts have recognized that periods of time during which a defendant is hospitalized are excludable from the 180-day period within which he must be brought to trial. See: *Commonwealth v. Haynes*, 245 Pa.Super. 17, 369 A.2d 271 (1976). Accordingly we *find that the period of time during which [appellant] was hospitalized for evaluation at Farview is excludable from the 180-day time limitation* and, in light of the specific waivers executed by [appellant], there has been no violation of Rule 1100. See also: *Commonwealth v. Richbourgh*, 246 Pa.Super. 300, 369 A.2d 1331 (1977). Slip Opinion at 4 (emphasis added).

Before considering this determination it may be helpful to recall that appellant specifically waived Rule 1100 twice, the first waiver being for the period January 19 to March 8, and the second being for the period March 31 to July 29. Therefore, the only period in dispute is March 8 to March 31.

The comment to Rule 1100 states that "[f]or purposes of subparagraph (d)(1) . . . the defendant should be

---

7. Rule 1100(d)(1) provides:
   In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:
   (1) the unavailability of the defendant or his attorney . . .

deemed unavailable for any period of time . . . during which the defendant was physically or mentally incompetent to proceed . . ." This statement may be regarded as a corollary to the principle that to try a defendant who lacked the capacity to understand the nature and object of the proceedings against him would violate due process. U.S. Const. amend. XIV; *see Commonwealth v. McQuaid*, 464 Pa. 499, 508–9, 347 A.2d 465, 470–71 (1975). In *Commonwealth v. Haynes, supra,* the case most relied on by the lower court in its opinion, we held that the defendant was unavailable under subparagraph (d)(1) when he was "seriously ill and hospitalized . . . [and] had a kidney removed." *Id.,* 245 Pa.Super. at 21, 369 A.2d at 273. Here, appellant's condition, which led to his commitment to Farview, rendered him "physically or mentally incompetent" to proceed to trial.

It is true that appellant was committed to Farview, not *because* he was mentally incompetent to proceed to trial, but rather to determine *whether* he was mentally incompetent. Thus, there was *no determination* that trying appellant would violate due process. However, underlying the lower court's grant of appellant's petition for a psychiatric examination was the premise that appellant *might* be shown to be mentally incompetent. This possibility, presented as it was on appellant's petition, rendered appellant unavailable, starting from January 19, when the lower court granted appellant's petition, and also granted appellant's request for a continuance so that the psychiatric examination could be conducted.

This conclusion, however, does not end our inquiry. It shows only that appellant was unavailable from January 19 to March 8 (the new trial date set by the court when it granted appellant's request for a continuance).[8] The question remains, how long did appellant's unavailability continue?

We cannot agree with the lower court's conclusion that appellant's unavailability continued for the entire peri-

8. Thus, the period of January 19 to March 8 would have been excludable even without appellant's specific waiver of Rule 1100.

od of March 8 to March 31. It will be recalled that on March 8, when appellant was not brought down from Farview for his scheduled trial, the Commonwealth requested a continuance, and that the lower court granted a continuance to April 5. The Commonwealth's request for a continuance might at first be thought to show that appellant was unavailable for the entire period of March 8 to March 31, for the request stated that "They [Farview] have listed [appellant] for staff review on April 2." The difficulty with this initial impression is that the record shows that the Commonwealth was in error. On March 25 defense counsel filed a petition for an independent psychiatric examination alleging that ".   .   .   the response from Farview State Hospital .   . concluded that [appellant] was competent to stand trial but did not refer to other psychiatric issues   .   .   .", *i. e.,* appellant's mental and emotional status at the time of the offense. The Commonwealth did not deny this allegation, and the lower court granted the petition. It therefore appears that appellant's staff review was completed at least by March 25, so that at least by then appellant's unavailability had ended. The correctness of this conclusion, moreover, is confirmed by the lower court's order of March 26, which stated:

AND NOW, to wit, this 26th day of March, 1976, upon Motion of Frank T. Hazel, District Attorney, Superintendent Bernard J. Willis, Farview State Hospital, *is HEREBY ORDERED to release* the body of THOMAS QUINLAN, JR., to the Sheriff of Delaware County, or his Deputy, and the Sheriff is HEREBY ordered to deliver the said THOMAS QUINLAN, JR., before this Court on March 31, 1976 at 9:00 A.M. for the purpose of Suppression.

BY THE COURT:

H. F. Reed, Jr., J.

Record Document # 20 (emphasis added).

Since appellant's unavailability ended at least by March 25, the Commonwealth was obliged to file sometime between then and March 29 (the run date) a petition for an extension.

However, no such petition was filed. Accordingly, under *Shelton*, appellant must be ordered discharged.

█ It should perhaps be added that the Commonwealth's request for a continuance may not be regarded as a petition for an extension. The request was not so denominated, but, rather, was on a printed form entitled "Application for Continuance". Record Document # 16. Moreover, nothing in the record shows that defense counsel was present when the request was made, or was even aware that it would be made.[9]

The judgment of sentence is vacated, and appellant is ordered discharged.

VAN der VOORT, J., concurs in the result.

JACOBS, President Judge, dissents.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

**9.** Rule 1100(c) provides, in part:

At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. . . .