398 A.2d 972

**COMMONWEALTH of Pennsylvania**

**v.**

**Robin MORGAN, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 12, 1979.

Decided March 14, 1979.

Mel D. Kardos, Asst. Public Defender, Doylestown, for appellant.

Kenneth G. Biehn, Dist. Atty., Stephen B. Harris, 1st Asst. Dist. Atty., Doylestown, for appellee.

Before EAGEN, C. J., and ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

NIX, Justice.

Prior to trial on the instant charges appellant sought a dismissal of the indictment contending that the Common-

wealth had not met its obligation in bringing the matter to trial within the time required by Pa. Rule of Crim. Procedure 1100. The motion to dismiss was denied and a non-jury trial followed in which appellant was found guilty of receiving stolen property. The Rule 1100 question was raised again in post-verdict motions and before the Superior Court and on each occasion the question was decided against appellant. We granted review.[1]

Since the written complaint was filed in this case after June 30, 1974, the trial should have commenced within 180 days from the date on which the complaint was filed. Pa. Rule Crim. Procedure 1100(a)(2). Both the Commonwealth and appellant agree that one hundred and eighty calendar days from the date the complaint was filed expired on February 2, 1976. The trial in fact commenced on March 17, 1976. The trial court's finding that there was not a violation of Rule 1100 was based upon the conclusion that two periods (one of 20 days duration and the other of 49 days) were properly excluded under section (d) of the Rule. We cannot agree for the reasons that follow.

## The Twenty-Day Period

In determining the validity of the finding as to the first period excluded by the court below the following chronology is significant. The case was listed for arraignment on January 7, 1976. At some point prior to arraignment, the trial had been scheduled to begin on January 29, 1976. Appellant failed to appear for the scheduled arraignment; the reason for her absence does not appear in the record before us. On January 27, 1976, the bench warrant which had been issued for her absence on January 7, 1976, was withdrawn and the trial date of January 29, 1976 was left undisturbed. There is no contention that appellant's actions between January 7th and January 27th in any way prevent-

1. Jurisdiction for this appeal is provided by section 724(a) of Judicial Code, 42 Pa.C.S.A. § 724(a) (1978).

ed the commencement of trial on the scheduled date of January 29, 1976.[2]

The Commonwealth contends and the court below agreed, that appellant was unavailable between January 7th and January 27th and therefore this period was properly excluded under section (d). Assuming that appellant had been properly notified of her obligation to appear for the January 7th arraignment it would be proper to find that she was unavailable between that date and the time she did appear on January 27, 1976. *Commonwealth v. Cohen*, 481 Pa. 349, 392 A.2d 1327 (1978) (wherein we held that where a defendant on bail, who has received proper notice of a court proceeding, fails to appear as directed is unavailable from the time of such proceeding until his subsequent apprehension or until he voluntarily surrenders.) However, finding that appellant or her counsel was unavailable provides only one of the prerequisites for an exclusion under section (d)(1). Section (d)(1) requires the exclusion of the *"period of delay"* *resulting from* the unavailability of the defendant or counsel for the defense.[3] A critical fact in this instance is that the unavailability of appellant between January 7th and January 27th did not result in delaying the schedule of the proceedings. The conclusion that section (d)(1) requires that the unavailability cause a delay in the proceedings finds ample support in our prior cases.

In *Commonwealth v. Millhouse*, 470 Pa. 512, 517, 368 A.2d 1273, 1276 (1977), this Court stated:

The actual "period of delay" at any stage of the proceedings attributable to the "unavailability of the defend-

---

**2.** The reason for the continuance on January 29, 1976 will be discussed at length in the second portion of this opinion. It is sufficient for our determination at this juncture that the twenty (20) day period was not a factor contributing to the postponement of trial on that day.

**3.** Section (d)(1) provides:
In determining the period for commencement of trial, there shall be excluded therefrom *such period of delay at any stage of the proceedings as results from*:
(1) the unavailability of the defendant or his attorney; . . .
(emphasis added)

ant or his attorney" is an automatic exclusion from the time limits . . . .

In *Millhouse, supra,* a majority of this Court found that the delay caused by the defendant's deliberate failure to retain counsel when he was in the financial position to do so was excludable under section (d)(1). In computing the period to be excluded, the Court noted, "the preliminary arraignment, however, was held despite the absence of counsel *and thus, no actual delay resulted.*" *Id.,* 470 Pa. at 518, 368 A.2d at 1276. In *Commonwealth v. Vaughn,* 475 Pa. 227, 380 A.2d 326 (1977), the prosecution argued that a certain period of time should have been excluded from the computation of the 180 day period because the appellant was allegedly "unavailable" for trial, he being on trial for another offense in another courtroom. To this contention this Court responded:

We cannot accept the prosecution's argument that a defendant is unavailable for trial within the meaning of Pa. Rule Crim. Procedure 1100(d)(1) for the entire criminal [term] during which he is tried on separate criminal charges in the same county, *without reference to the actual days consumed in the trial of those charges.* (emphasis added)

*Commonwealth v. Vaughn, supra,* 475 Pa. at 232–33, 380 A.2d at 329.

Another instance where we had occasion to refer to the relationship required by section (d)(1) between the period of unavailability and a delay in the commencement of trial can be found in our decision in *Commonwealth v. Lamonna,* 473 Pa. 248, 373 A.2d 1355 (1977). In that case we had occasion to state that, "the mere fact that counsel was preoccupied with other matters at some point during the 180 day period is irrelevant for purposes of section (d) unless the unavailability causes a delay in the proceedings . . ." *Id.,* 473 Pa. at 252, 373 A.2d at 1359. A further explication of this concept may be found in the Superior Court's opinion in *Commonwealth v. Mancuso,* 247 Pa.Super. 245, 372 A.2d 444 (1977). Judge Hoffman speaking for that court stated:

In its brief, the Commonwealth argues that the period of time during which appellants were not represented should be excluded under Rule 1100(d)(1) which provides for an exclusion of time *resulting* from counsel's unavailability. The Commonwealth misconstrues the rule. The rule does not permit us to search for days when counsel or appellant were unavailable unless delay in the proceedings results from the unavailability. See *Commonwealth v. Coleman*, 241 Pa.Super. 450, 361 A.2d 870 (1976); *Commonwealth v. Wade*, 240 Pa.Super. 454, 360 A.2d 752 (1976); *Commonwealth v. Adams*, 237 Pa.Super. 452, 352 A.2d 97 (1975). The Commonwealth must be able to point to actual frustration of litigation before we can conclude that unavailability of counsel or a defendant caused the delay. In fact, Fayette County scheduled no criminal proceedings during the period in question. Thus, appellants' failure to retain counsel could not have caused delay in the proceedings. (emphasis in original) *Id.*, 247 Pa.Super. at 250–251, n.4, 372 A.2d at 446, n.4.

Nor do we accept the argument that the postponement of the arraignment constituted a "delay in the proceedings" as required by section (d) where as here it in no way affected the commencement of trial. While the "delay" may occur "at any stage in the proceedings" it is only a "delay" cognizable under section (d) where it causes (either directly or indirectly) the commencement of trial to be postponed for some period of time beyond the time it would have been scheduled absent the "delay." The thrust of Rule 1100 was to crystallize and clarify the Commonwealth's obligation to afford the defendant a speedy trial. *Commonwealth v. Hamilton*, 449 Pa. 297, 297 A.2d 127 (1972). The concern of the Rule is the delay in the commencement of trial and section (d) seeks to prevent the Commonwealth from being accountable for those delays in the commencement of trial where they result from actions properly attributable to the defense. Thus, any occurrences between the filing of the complaint and the commencement of the trial which did not affect the time in which the trial was com-

menced, is beyond the purview of the Rule and therefore not properly considered as a "delay in the proceedings" within the terms of section (d) of the Rule. "Delay in the proceedings" as used in the Rule requires an actual frustration in the commencement of trial. A postponement of an arraignment which does not in any way prolong the time for the commencement of trial is irrelevant to the question of a speedy trial and is therefore not in fact to be considered in determining the application of Rule 1100 in a given case.

We therefore hold that the twenty (20) day period between January 7th and January 27, 1976 was improperly excluded from the computation of the time in which trial was required to commence under Rule 1100.

## The Forty-nine Day Period

The Commonwealth listed the case for trial on January 29, 1976. Appellant did not appear for trial on that date but did, through her assigned public defender, notify a member of the district attorney's staff of her alleged unavailability due to her required appearance in federal court in Philadelphia on that date. Thereafter, by a letter dated February 6, 1976, appellant was advised by the district attorney's office that her trial was rescheduled for March 17, 1976. The Commonwealth stresses that only a few days remained between January 29th and the expiration of the period on February 2nd, and that it had no knowledge as to the length of the federal proceedings in which appellant was involved or how long her presence would be required. "[W]e do not know if she was a defendant, prosecutrix or witness thereat." It is asserted that the matter could not be relisted during the January 1976 trial term as each day's list had been finalized. Based upon these considerations, the Commonwealth contends that we should conclude that appellant's unavailability on January 29th prevented the commencement of trial within the prescribed period despite due diligence by the Commonwealth and that the period which

elapsed between the 29th of January and the actual trial date, March 17, 1976, was excludable under section (d)(1).

There are two reasons why we find this argument unpersuasive. Passing for the moment the question of the Commonwealth's due diligence in ascertaining when appellant would be available for trial, and assuming her unavailability on January 29, 1976, it is clear that the reason for not scheduling her trial in the remaining days of the period was because the court calendar would not permit. Thus, the Commonwealth's claim for excusing the commencement of trial on the days following January. 29, 1976 rests upon a claim in the nature of "judicial delay" rather than the unavailability of the appellant. Our cases have made clear that scheduling difficulties may provide the basis for the request of an extension pursuant to section (c)[4] of the Rule rather than section (d)(1).

In *Commonwealth v. Shelton*, 469 Pa. 8, 17–18, 364 A.2d 694, 699 (1976), we noted:

We must therefore consider under what circumstances "judicial delay" will justify an extension.

While the following circumstances are not to be considered exclusive, they represent the type of circumstances wherein an extension may be justifiably granted because of a causal relationship between the "judicial delay" and the Commonwealth's inability to commence trial despite due diligence.

(1) Situations where judicial proceedings involving prosecution of the charges are still pending or resolved so

---

**4.** Section (c) provides:

At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced.

near the expiration of the mandatory period fixed by the Rule or prior order granting an extension so as to preclude commencing trial within the period despite the Commonwealth's due diligence.

(2) Situations where the Commonwealth is prepared to commence trial prior to the expiration of the mandatory period but the court because of scheduling difficulties or the like is unavailable.

Similarly in *Commonwealth v. Mayfield*, 469 Pa. 214, 222, 364 A.2d 1345, 1349 (1976), we ruled:

Henceforth, the trial court may grant an extension under rule 1100(c) only upon a record showing: (1) the "due diligence" of the prosecution, and (2) certification that trial is scheduled for the earliest date consistent with the court's business; provided that if the delay is due to the court's inability to try the defendant within the prescribed period, the record must also show the causes of the court delay and the reasons why the delay cannot be avoided.

However, a request for an extension under section (c) must be made to the court prior to the expiration of the prescribed period under the Rule. Thus, even if this record might have met the requirements for the grant of such an extension, that avenue is not here available to the Commonwealth since it failed to attempt to pursue this course prior to February 2, 1976. In *Shelton, supra*, we made it clear that a request for an extension based upon "judicial delay" could not provide the basis for an exclusion under section (d).

Since we have determined that "judicial delay" may serve as a basis for the granting of an extension pursuant to section (c), the substantial impairment allegedly created by the dicta in the Superior Court's majority opinion to the Commonwealth's right to effectuate a prosecution is not now a valid consideration in determining whether "judicial delay" should be impliedly excluded from the

computation of the mandatory period in which to commence trial. Since the impairment has been removed, ". . . our rule provides the Commonwealth with an adequate procedural method to protect its right to [effectuate a prosecution], mainly by obtaining extensions under Section (c) of the rule . . ." *Commonwealth v. O'Shea, supra,* 465 Pa. at 491 n.7, 350 A.2d at 875 n.7. Therefore, as in *O'Shea, supra,* ". . . we can perceive no reason to imply an additional exclusion."

*Id.,* 469 Pa. at 18, 364 A.2d 699.

Secondly, a finding of unavailability causing delay requires the Commonwealth to exercise due diligence in the avoidance of that delay. *Commonwealth v. Cohen, supra*[5]; *Commonwealth v. Mitchell,* 472 Pa. 553, 372 A.2d 826 (1977). It can not be seriously argued in this case that the Commonwealth's willingness to arrange for the rescheduling of this matter without any further information than the fact that appellant was involved in a federal proceeding on January 29, 1976, exhibited the kind of due diligence that would warrant the exclusion of a period as extensive as the one herein involved. To conclude otherwise would effectively emasculate the due diligence requirement. We therefore conclude that the forty-nine (49) day period also could not properly be excluded under section (d).

Order of the Superior Court affirming the judgment of sentence is reversed and the appellant is discharged.

O'BRIEN, J., did not participate in the consideration or decision of this case.

EAGEN, C. J., and LARSEN, J., note their dissent.

5. Our holding and reasoning in *Commonwealth v. Cohen,* 481 Pa. 349, 392 A.2d 1327 (1978) is not to the contrary. Here there was no question as to the exercise of due diligence on the part of the Commonwealth to locate appellant. The due diligence involved in this case refers to its obligation to make an effort to reschedule the trial as quickly as the circumstances permit.