## Commonwealth v. Monaco

*Donald E. Williams, District Attorney,* for Commonwealth.
*Richard Audino,* for defendant.

McCRACKEN, *P.J.,* May 19, 1980—Defendant filed a motion for dismissal of the drug charges pending against him at the above number on April 22, 1980, contending that the 180 day period within which he must be tried under Pa.R.Crim.P. 1100 has expired. Defendant is also charged at no.3 89A and no. 389B of 1979 with other drug-related of-

fenses which are not, presumably through an oversight, included in the motion to dismiss.

The complaint in this case was filed August 3, 1979; the bill of indictment was approved and returned by the grand jury on October 10, 1979; and on November 26, 1979 defendant pled guilty to murder generally at no. 348 of 1979. The Commonwealth did not file any motion to extend the 180 day rule and does not contest that more than 180 days have elapsed since the filing of the complaint. However, the Commonwealth contends that a sufficient number of days are excludable, because of the unavailability of defendant for trial, to bring the case within the 180 day period. The Commonwealth presents two arguments in support of this contention, both of which are related to the guilty plea of defendant entered to the charge of murder at no. 348 of 1979, criminal division.

At the plea colloquy after the court had accepted the guilty plea of defendant, counsel for defendant raised a question concerning psychiatric determination and evaluation. Because of the desire of the Commonwealth to also have access to this information, the court indicated its desire for a single mutually agreeable examination and held further proceedings in that case in abeyance until the agreement and examination were completed.

The Commonwealth argues that since the two cases (the murder case at no. 348 of 1979 and the present drug-related case) arose from the same episode, defendant was "unavailable" for purposes of the drug-related charges while awaiting examination on the murder charges.

This argument must fail for two reasons:

Firstly, the two cases involve separate and distinct charges. Despite the fact that they arose from

a single episode, there was never any motion filed to consolidate. Thus, even if examination of defendant were such as to render him unavailable for purposes of the murder charge, we can find no basis for extending that unavailability to a separate, albeit related, charge.

Secondly, and more important, it does not appear that the psychiatric examination in question was the type that would render the defendant unavailable under Rule 1100. The courts have recognized that while a defendant is awaiting a psychiatric examination to determine his competency to stand trial, he is unavailable: Com. v. Quinlan, 259 Pa. Superior Ct. 536, 393 A. 2d 955 (1978). However, in the present case the competency of defendant was never questioned. The court had already accepted his plea of guilty. We must assume that neither the court nor defense counsel would have permitted the guilty plea had there been any question about his competency to so plead. See Com. v. Vaughn, 459 Pa. 35, 326 A. 2d 393 (1974). Thus, it would appear that the request of defense counsel was not directed to the competency issue, but rather, it arose in reference to the degree of guilt hearing as an aid to the court in shedding light on the mental and emotional status of defendant at the time of the offense. In this regard, the present case is similar to Quinlan, supra, wherein at 543, 393 A. 2d at 959:

"On March 25 defense counsel filed a petition for an independent psychiatric examination alleging that '. . . the response from Farview State Hospital . . . concluded that [appellant] was competent to stand trial but did not refer to other psychiatric issues . . .', i.e., appellant's mental and emotional status at the time of the offense. The Common-

wealth did not deny this allegation, and the lower court granted the petition. It therefore appears that appellant's staff review was completed at least by March 25, *so that at least by then appellant's unavailability had ended.*" (Emphasis supplied.)

It is clear from Quinlan that once the competency of defendant had been determined or is not an issue, further psychiatric examination for other reasons would not render him unavailable. There was, therefore, no time excludable as a result of the delay in obtaining a psychiatric examination of defendant.

The Commonwealth also argues that because of Com. v. Campana, 452 Pa. 233, 304 A. 2d 432 (1973), vacated on other grounds, 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed. 2d 44 (1973), on remand, 455 Pa. 622, 314 A. 2d 854 (1974), which holds that the prosecution of a defendant on a charge stemming from a single criminal episode precludes a subsequent prosecution against the defendant on another charge arising from the same criminal episode, it could not bring the defendant to trial on the related drug charge. We recognize the plight of the Commonwealth. Since defendant had not yet been sentenced on his guilty plea to murder, the plea was subject to being withdrawn. See Pa.R.Crim.P. 320. Thus, if the Commonwealth had brought the drug charge to trial, defendant could conceivably have raised Campana as a bar to the prosecution of any other offense arising out of the same criminal incident.

We cannot say, however, that this quandary of the prosecution renders the defendant unavailable. Defendant was ready and available to proceed to trial. The proper course for the prosecution where it appears that it could not properly bring two cases

against a single defendant to trial without prejudicing the defendant or creating a Campana situation would be to make an application for an extension pursuant to Rule 1100(c): Com. v. Vaughn, 475 Pa. 227, 380 A. 2d 326 (1977). This the Commonwealth did not do but instead allowed the 180 day period to expire.

## ORDER

Now, May 19, 1980, for the reasons stated in the foregoing memorandum opinion, the motion of defendant to dismiss the drug charges pending against him at the above number is hereby granted.