454 A.2d 609

**COMMONWEALTH of Pennsylvania**

**v.**

**George PICHINI, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 21, 1982.

Filed Dec. 30, 1982.

426

Francis M. Socha, Assistant Public Defender, Harrisburg, for appellant.

William A. Behe, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before WIEAND, CIRILLO and POPOVICH, JJ.

WIEAND, Judge:

George Pichini was tried non-jury and convicted of robbery. On direct appeal, the sole issue is whether he was tried timely within the requirements of Pa.R.Crim.P. 1100.

We conclude that he was not. Therefore, we reverse the judgment of sentence and order his discharge.

The facts are not in dispute. A complaint was filed against appellant on September 16, 1980, at a time when he was incarcerated in Mifflin County. By computation, the run date on the Dauphin County charge was March 16, 1981.[1] Appellant was preliminarily arraigned on the robbery charge on October 1, 1981, in Dauphin County. At that time he waived preliminary hearing and agreed that the charge should be returned to court. He was returned to the Mifflin County Prison on the following day. From the day he was returned to the Mifflin County Prison to the date of appellant's scheduled arraignment on February 11, 1981, the representatives of the Commonwealth had no contact with him. He failed to appear for arraignment on February 11, 1981, because unbeknownst to the District Attorney's office he had been transferred to and was incarcerated at the State Correctional Institution at Camp Hill. A bench warrant was issued and served on appellant the same day. Even so, appellant was not arraigned until February 27, 1981, when he entered a plea of not guilty, requested trial by jury and was told that his trial date would be March 23, 1981. Because this date was seven days beyond the run date of March 16, 1981, the Commonwealth filed a petition under Pa.R.Crim.P. 1100(c) to extend the time within which to commence trial. A hearing was set for the time of trial on March 23, 1981. Prior to that date appellant filed an answer to the Commonwealth's petition and moved for dismissal. On March 23, 1981, after hearing, the court granted the Commonwealth's request for an extension and denied appellant's petition to dismiss. Appellant then waived trial by jury, and a non-jury trial was held on March 24, 1981.

The record discloses that between October 2, 1980 and February 11, 1981, there was no communication whatsoever between the representatives of the Commonwealth and the appellant. During this period, appellant's case was

1. The 180th day was March 15, 1981, a Sunday.

not listed for arraignment or trial, and the Commonwealth made no other effort to process the criminal action against appellant. Notices of the February 11th arraignment were sent to appellant at the Dauphin County Prison, at the Mifflin County Prison and at an address appearing on the complaint. All were undelivered, for appellant was then incarcerated in the State Correctional Institution at Camp Hill.

In fact, appellant was in prison continuously during this entire period. He had been transferred on October 8, 1980 to the State Correctional Institution at Huntingdon, and on January 14, 1981, he was sent to Camp Hill to serve a sentence imposed by the court in Huntingdon County. He remained at Camp Hill until he was found by the Commonwealth after he failed to appear for arraignment on February 11, 1981. During this period, his prison records disclose, he made seven court appearances in Mifflin and Huntingdon Counties involving a total of thirteen days.

The Commonwealth failed to show that it was entitled to exclude any time under Pa.R.Crim.P. 1100(d)(3)(i). This rule excludes from the computation of the 180 days any period of delay resulting from "the unavailability of the defendant." The fact of appellant's continuous incarceration did not alone establish unavailability. He could be considered unavailable only for that period of time during which his presence could not be secured despite due diligence by the Commonwealth. *Commonwealth v. Ryan*, 306 Pa.Super. 159, 168, 452 A.2d 264, 268 (1982); *Commonwealth v. Heath*, 288 Pa.Super. 119, 125, 431 A.2d 317, 319 (1981); *Commonwealth v. Williams*, 284 Pa.Super. 125, 130, 425 A.2d 451, 454 (1981); *Commonwealth v. Smith*, 274 Pa.Super. 229, 232, 418 A.2d 380, 382 (1980); *Commonwealth v. Bass*, 260 Pa.Super. 62, 66, 393 A.2d 1012, 1014–1015 (1978); *Commonwealth v. Clark*, 256 Pa.Super. 456, 463, 390 A.2d 192, 195 (1978); *Commonwealth v. Kovacs*, 250 Pa.Super. 66, 70, 378 A.2d 455, 457–458 (1977). The Commonwealth did not show that appellant's presence could not have been secured between October 2, 1980 and March 16, 1981.

The Comment to Rule 1100(d)(3)(i) suggests that a "defendant should be deemed unavailable for the period of time ... during which the defendant was absent under compulsory process requiring his appearance elsewhere in connection with other judicial proceedings." It is correct, of course, that appellant was involved in other judicial proceedings and was moved about for thirteen days. However, the rule permits only the exclusion of that period of delay which is caused by a defendant's unavailability. *Commonwealth v. Morgan*, 484 Pa. 117, 398 A.2d 972 (1979). See also: *Commonwealth v. Polsky*, 493 Pa. 402, 408, 426 A.2d 610, 613 (1981); *Commonwealth v. Vaughn*, 475 Pa. 227, 232–233, 380 A.2d 326, 329 (1977). Here, there is no evidence that any delay whatsoever was caused by appellant's presence in Huntingdon and Mifflin Counties because of judicial proceedings then pending in those Counties.

Inasmuch as there were no excludable days, we determine next whether the trial court properly granted the Commonwealth's petition for an extension. Pa.R.Crim.P. 1100(c) permitted the trial court to grant an extension of time for the commencement of trial upon a record showing by the Commonwealth that the defendant could not be tried within 180 days despite the exercise of due diligence by the Commonwealth. See: *Commonwealth v. Wade*, 475 Pa. 399, 380 A.2d 782 (1977); *Commonwealth v. Mitchell*, 472 Pa. 553, 372 A.2d 826 (1977). "To meet the standard of due diligence, the Commonwealth must take every step that it could reasonably be expected to take in trying to bring a defendant to trial within the prescribed period." *Commonwealth v. Fanelli*, 292 Pa.Super. 100, 106, 436 A.2d 1024, 1027 (1981). See also: *Commonwealth v. Martofel*, 248 Pa.Super. 206, 375 A.2d 60 (1977). However, we do not, in hindsight, judge what could have been done; instead, we judge the actions of the representatives of the Commonwealth in terms of the reasonableness of what was actually done. *Commonwealth v. Polsky, supra*, 493 Pa. at 407, 426 A.2d at 613.

■ In the instant case, the Commonwealth failed to meet its burden of showing that it had exercised due diligence. On the contrary, the evidence disclosed the existence of that very inattention which Rule 1100 was intended to prevent. The Commonwealth proved no more than that appellant had been incarcerated continuously in Pennsylvania during the 180 day period. It failed to show that it had expended any time or effort in attempting to commence trial within the time allowed. In the absence of a showing that it could not with due diligence have commenced trial within 180 days, the Commonwealth was not entitled to an extension. It did not suffice to show merely that appellant had been transferred between prisons on several occasions. Similarly, it did not suffice to show that appellant had failed to appear for arraignment when, in fact, he was incarcerated and wholly without notice of the date on which arraignment was being held. That he could readily have been found within the prison system and made available for arraignment and trial in Dauphin County is amply demonstrated by the record. It is confirmed by the ease with which appellant was found and served with a warrant on the very same day that he failed to appear for arraignment.

The Commonwealth also failed to show why appellant could not have been arraigned promptly and tried timely after the District Attorney learned that he was in prison at Camp Hill. After the arrest warrant had been served on February 11, more than a month remained within which to commence trial in compliance with Rule 1100. During that interval, as the District Attorney conceded during the extension hearing, at least one week of regularly scheduled jury trials could have been utilized. Still, despite the urgency which the matter had acquired, the Commonwealth did nothing to commence trial promptly.

The record, in brief, shows that the Commonwealth did not take every reasonable step that it could be expected to take to bring appellant to trial within 180 days. In fact, it did little or nothing to achieve a timely trial. In the absence of a showing that due diligence was exercised, the trial

court could not properly extend the time for trial. It should have granted appellant's motion to dismiss.

The judgment of sentence is reversed, and appellant is discharged.