J-S75022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARVIN JOLLY | : | |
| | : | |
| Appellant | : | No. 571 WDA 2017 |

Appeal from the Judgment of Sentence April 6, 2017
In the Court of Common Pleas of Erie County
Criminal Division at No(s):  CP-25-CR-0000408-2015

BEFORE:  SHOGAN, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                      **FILED APRIL 4, 2018**

Marvin Jolly appeals from the judgment of sentence imposed on April 6, 2017, in the Court of Common Pleas of Erie County, after a jury found him guilty of driving under the influence (DUI), and the trial judge found him guilty of the summary offenses of driving while license is suspended or revoked, and restrictions on alcohol (open container).[1]  Jolly received an aggregate sentence of nine to eighteen months' incarceration plus fines.  In this timely appeal, Jolly claims the trial court erred in not granting his motion to dismiss pursuant to Pa.R.Crim.P. 600 (speedy trial) and the trial court imposed an illegal sentence.  After a thorough review of the submissions by the parties, relevant law, and the certified record, we agree with Jolly that the trial court

_____

[1] 75 Pa.C.S. §§ 3802(a)(1), 1543(b)(1), and 3809(a), respectively.

imposed an illegal fine pursuant to 75 Pa.C.S. § 1543(b)(1), and affirm the trial court in all other regards.

The facts supporting the underlying convictions are not at issue. Those facts are known to the parties and accordingly there is no need to reiterate them herein. At issue is the length of time it took the Commonwealth to bring Jolly to trial, whether the Commonwealth was duly diligent in bringing him to trial and, therefore, whether Jolly was entitled to dismissal of the charges against him pursuant to Pa.R.Crim.P. 600. Additionally, Jolly argues he was illegally sentenced on the charge of driving with a suspended or revoked license. Specifically, he contends he was illegally subjected to a mandatory minimum sentence and a $1,000.00 fine rather than the maximum $500.00. We begin with Jolly's Rule 600 claim.

> In evaluating Rule [600] issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused ....
>
> Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule [600]. Rule [600] serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule [600] was not

designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule [600] must be construed in a manner consistent with society's right to punish and deter crime. In considering [these] matters ..., courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

**Commonwealth v. Holt**, 175 A.3d 1014, 1018 (Pa. Super. 2017) (citation omitted).

Additionally, we note that "time attributable to the normal progression of a case is simply not "delay" for purposes of Rule 600." **Commonwealth v. Mills**, 162 A.3d 323, 325 (Pa. 2017).

The timing of this matter has been set forth by the trial court in its May 18, 2017, Pa.R.A.P. 1925(a) opinion.

On December 10, 2014, [Jolly] was charged in Erie County with DUI, Driving Under Suspension, and five summary offenses. [Jolly], who, in the meantime had been transferred from Crawford County Prison[2] to Mercer County Prison, was incarcerated in Mercer County Prison on the date of his preliminary hearing on February 5, 2015, but was not transported for the hearing. [Jolly] claims he was not notified of the February 5, 2015 preliminary hearing. A request for a bench warrant was submitted by the magistrate, but for unknown reasons, a bench warrant was never issued by the Court of Common Pleas.

[Jolly] was intermittently incarcerated in the Mercer and Crawford County prisons between November 26, 2014 and April 16, 2015

---

[2] At the time of his arrest for the instant charges, November 24, 2014, Jolly was wanted on unrelated charges in Crawford County. On November 26, 2014, pursuant to the Crawford County bench warrant, Jolly was transferred from Erie County Prison to the Crawford County Prison.

on various charges pending in Mercer and/or Crawford Counties. These charges were unrelated to the Erie County DUI charges. It is unclear whether [Jolly] was ever released from either prison at any points during this period.

[Jolly] testified that in March of 2015, while [he] was incarcerated in Crawford County, he became aware of the Erie County DUI charges, though he did not indicate how he became aware of the charges at this time. [Jolly] testified that in March of 2015, he applied to Erie County for a public defender to represent him with respect to the DUI. On March 3, 2015, the Erie County Public Defender's Office entered an appearance on behalf of [Jolly]. [Jolly] admits he knew that a public defender had been appointed on his behalf. He denied that he supplied any contact information to the Public Defender.

It is believed that [Jolly] was released from the Crawford County prison on April 15 or 16, 2015. [Jolly's] Public Defender must have known of [Jolly's] release, because on April 22, 2015, the Public Defender's Office sent [Jolly] notice of a guilty plea agreement and a plea hearing scheduled for April 29, 2015 at 1:30, to addresses other than the Crawford County Prison. The Public Defender's notice of hearing was sent to three addresses: 569 North Street, Meadville, 129 East 23rd Street, Erie, Apt. #2, and 322 East 21st St., Erie. [Jolly] admits that as of the time of the letter, April 22, 2015, he was living with his nephew "for a couple of weeks" at the Meadville address. Despite the fact that the letter was sent to an address at which he was residing, [Jolly] claims not to have received the letter giving notice of the guilty plea hearing. [Jolly] failed to appear for the plea hearing.

After [Jolly] failed to appear for the April 29, 2015 plea hearing, a bench warrant was issued for his arrest. Pursuant to that bench warrant of April 29, 2015, Erie County Sheriff Jeffrey Guild, received a tip from the Crawford County Sheriff's Department that [Jolly] might be found at 129 East 23rd Street, or 322 West 21st Street, in Erie. Erie County Corporal Bowers testified that it would have been his practice to follow up on such tips, but that [Jolly] was not found at either address. [Jolly] was free from mid-April 2015 until October of 2015. Despite his knowledge that charges had been brought against him in this Erie DUI matter, he failed to contact anyone, including his public defender, during this time.

On October 11, 2015, new charges arose against [Jolly] in Crawford County. On October 12, 2015, [Jolly] was taken in custody at the Crawford County Jail. Erie County became aware that [Jolly] had been detained in Crawford County. Deputy Guild faxed the warrant to Crawford County and "told them we would like to have him." However, Crawford County informed Deputy Guild that they would not release him "until they were done with him." Almost a year later, [Jolly] was sentenced in Crawford County on September 6, 2016. Erie County again requested custody of [Jolly]. Erie County deputies retrieved [Jolly] from the Crawford County Prison on November 8, 2016. Guild testified that "as soon as he's available, we go get him."

Trial Court Opinion, 5/18/2017 at 2-4 (citations to record omitted).

On November 15, 2016, Jolly filed a *pro se* motion to dismiss pursuant to Rule 600. Counsel filed a supplement to that motion and a hearing was held on January 18, 2017. The motion was denied on January 31, 2017.

Pennsylvania Rule of Criminal Procedure 600 requires, in relevant part, the Commonwealth to bring a defendant to trial within 365 days of the filing of the complaint. Specifically, the rule states:

**A) Commencement of Trial; Time for Trial**

(1) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or *nolo contendere*.

(2) Trial shall commence within the following time periods.

(a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

Pa.R.Crim.P. 600(A)(1),(2)(a).[3]

_____

[3] Because Jolly was not incarcerated pursuant to the DUI charge, the rules regarding pretrial incarceration are not applicable.

Pursuant to Rule 600, time is computed in the following manner:

**(C) Computation of Time**

(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

*Id*. at (C)(1).

The DUI complaint against Jolly was filed on December 10, 2014. Accordingly, the Commonwealth had until December 10, 2015[4] – 365 days later – to bring Jolly to trial. Jolly was not tried until February 10, 2017; 793 days, by our calculation, after the complaint was filed. Also by our calculation, Jolly was tried 428 days past his mechanical run date.

Jolly argues that the Commonwealth did not proceed with due diligence in procuring his presence for trial. Therefore, he argues, the trial court erred in failing to dismiss the charges against him. Specifically, Jolly cites to ***Commonwealth v. Pichini***, 454 A.2d 609 (Pa. Super. 1982) in support of his claim that the Commonwealth failed to take reasonable steps to bring him to trial while he was incarcerated post-October 12, 2016. This argument is unavailing.

***Pichini*** is easily distinguishable from the instant matter. In ***Pichini***, the relevant charges were brought against the defendant in Dauphin County.

---

[4] This is known as the mechanical run date.

- 6 -

His mechanical run date was March 16, 1981, 180 days after the complaint was filed. The facts in *Pichini* demonstrated that from October 2, 1980 and February 11, 1981[5] Pichini had been incarcerated on other charges in Huntingdon and Mifflin Counties. The difference between *Pichini* and the instant case is that in *Pichini*, the Commonwealth did nothing to locate the defendant and bring him back to Dauphin County for trial. *Pichini* reasoned:

> In the instant case, the Commonwealth failed to meet its burden of showing that it had exercised due diligence. On the contrary, the evidence disclosed the existence of that very inattention which Rule 1100[6] was intended to prevent. The Commonwealth proved no more than that appellant had been incarcerated continuously in Pennsylvania during the 180 day period. It failed to show that it had expended any time or effort in attempting to commence trial within the time allowed. In the absence of a showing that it could not with due diligence have commenced trial within 180 days, the Commonwealth was not entitled to an extension. It did not suffice to show merely that appellant had been transferred between prisons on several occasions. Similarly, it did not suffice to show that appellant had failed to appear for arraignment when, in fact, he was incarcerated and wholly without notice of the date on which arraignment was being held. That he could readily have been found within the prison system and made available for arraignment and trial in Dauphin County is amply demonstrated by the record. It is confirmed by the ease with which appellant was found and served with a warrant on the very same day that he failed to appear for arraignment.

*Pichini*, 454 A.2d at 611.

Here, as the trial court noted, the Commonwealth attempted to locate Jolly when he failed to appear for his April 29, 2015 hearing by sending a

---

[5] February 11, 1981 was the date of the initial arraignment, despite the complaint having been filed approximately five months earlier.

[6] Rule 1100 was the prior version of Rule 600.

sheriff to two addresses at which Jolly had allegedly been seen. That those leads proved fruitless is not indicative of a lack of diligence on the part of the Commonwealth. Then, when Jolly was taken into custody in Crawford County, the Commonwealth informed Crawford County of the Erie County bench warrant and sought Jolly's return. However, Crawford County, for reasons undisclosed, would not return Jolly until his Crawford County case had resolved. Once Crawford County released Jolly, Erie County transported him back to Erie County and the case proceeded. The Erie County District Attorney cannot be held responsible for the time from October 12, 2015 and November 8, 2016 because they lodged a detainer in Crawford County.

We do not believe the trial court abused its discretion in determining the time discussed above did not count against the 365 days of Rule 600. This means that from April 29, 2015 to October 11, 2015 (when Jolly failed to appear for his hearing, to when he was rearrested) is properly excludable time. This represents, by our calculations, 173 days. Then, from October 12, 2015 to November 8, 2016 (the time he was under the authority of Crawford County) is also properly excludable time, as Erie County attempted to reacquire Jolly. This represents an additional 393 days of excludable time. Together, this represents 566 days of excludable time. There were 793 days from the filing of the complaint to the date of trial. Subtracting 566 from 793

we are left with 227 days counting against the Rule 600 time limit.[7] Accordingly, there was no Rule 600 speedy trial violation.

Next, Jolly argues an illegal sentence was imposed upon him for his violation of 75 Pa.C.S. § 1543(b)(1). The trial court imposed a 90-day term of incarceration and a $1,000.00 fine. Jolly argues this is the sentence associated with 75 Pa.C.S. § 1543(b)(1.1), driving with a suspended or revoked license and refusing to take a blood test. Jolly asserts that pursuant to **Birchfield v. North Dakota**, ___ U.S. ___, 136 S.Ct. 2160 (2016), criminal sanctions associated with the refusal to take a blood test are invalid. **See also**, **Commonwealth v. Giron**, 155 A.3d 635, 640 (Pa. Super. 2017) (We hold that, pursuant to **Birchfield**, in the absence of a warrant or exigent circumstances justifying a search, a defendant who refuses to provide a blood sample when requested by police is not subject to the enhanced penalties provided in 75 Pa.C.S. §§ 3803-3804).[8]

We agree with Jolly that the trial court could not impose sentence pursuant to § 1543(b)(1.1). We also agree that the $1,000.00 fine is only found in § 1543(b)(1.1). Pursuant to §1543(b)(1.1), the defendant must be

---

[7] The trial court arrived at a slightly different number, also within the 365-day limit. The trial court subtracted some additional time from the 793 days due to delay caused by the filing of and hearing on the Rule 600 motion. Because we have determined no Rule 600 violation without examining those dates, we did not. However, we find no fault with the trial court's analysis.

[8] While **Giron** only refers to penalties found at 75 Pa.C.S. §§ 3803, 3804, we see no reason why the holding should not apply to 75 Pa.C.S. § 1543 also.

sentenced to 90 days' incarceration. However, a 90-day sentence is also allowable under § 1543(b)(1). The maximum fine allowed under § 1543(b)(1) is $500.00.

While Jolly claims it is obvious he was sentenced pursuant to an invalid section,[9] the certified record is unclear as to how the trial court arrived at the sentence. Jolly points out that at the end of the trial, the trial judge stated Jolly was subject to a mandatory sentence on § 1543.[10] Then, Jolly asserts that his presentence report stated he was subject to the mandatory sentence. We cannot confirm this because the presentence report has not been included in the certified record. At sentencing, the trial judge made no mention of imposing a mandatory sentence when he imposed 90 days and $1,000.00 fine. Further, all charging documents and sentencing documents found in the certified record refer to § 1543(b)(1), not §1543(b)(1.1).

Accordingly, we are faced with two possibilities. Either the trial court imposed an entirely illegal sentence pursuant to 75 Pa.C.S. § 1543(b)(1.1), without reference to that section in the certified record, or the trial court imposed a sentence pursuant to § 1543(b)(1) but imposed an incorrect fine. Because it is Jolly's burden of proof, as Appellant, to demonstrate his sentence

---

[9] Jolly's Brief, at 25.

[10] This is not entirely correct. By our reading of the notes of testimony, the trial judge stated he *believed* there was a mandatory sentence associated with § 1543 and that was why he acquitted Jolly of a number of other summary offenses. **See** N.T. Trial 2/9/2017 at 101.

is illegal, and he has not demonstrated his entire sentence is illegal, we cannot accept the first possibility.  Rather, we are constrained to find that Jolly's 90-day term of incarceration is legal[11] under § 1543(b)(1), but his $1,000.00 fine is not.  Accordingly, we affirm the imposition of the 90-day sentence but vacate the imposition of the $1,000.00 fine and amend the sentence to include the $500.00 fine required for a violation of 65 Pa.C.S. § 1543(b)(1).

Judgment of sentence is affirmed in part, vacated in part, and remanded for the trial court to amend the sentence associated with violation of 75 Pa.C.S. § 1543(b)(1) to include a $500.00 fine.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/4/2018

---

[11] Because the 90-day sentence runs concurrently with the nine month sentence imposed for DUI, it does not appear that Jolly will suffer any adverse consequences.

- 11 -