**[J-47-2017]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 27 EAP 2016 |
| | : | |
| Appellee | : | Appeal from the Judgment of Superior |
| | : | Court entered on 1/8/16 at No. 929 EDA |
| | : | 2014 (reargument denied 2/26/16), |
| v. | : | reversing and remanding the February |
| | : | 28, 2014 order of the Court of Common |
| | : | Pleas, Philadelphia County, Criminal |
| | : | Division at Nos. CP-51-CR-0007377- |
| LEON MILLS, | : | 2011 and CP-51-CR-0007379-2011 |
| | : | |
| Appellant | : | |
| | : | ARGUED: May 10, 2017 |

*OPINION*

**CHIEF JUSTICE SAYLOR**                              **DECIDED: June 20, 2017**

Appellant, a criminal defendant, challenges the Superior Court's decision to overturn a county court's finding of a violation of the rule-based requirement that he receive a prompt trial.

Rule of Criminal Procedure 600 requires that "[t]rial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). Per the associated computational guidance, periods of delay at any stage of the proceedings caused by the Commonwealth when it has failed to exercise due diligence are to be counted in the 365-day tally. *See id.* 600(C)(1). The rule further directs that "[a]ny other

periods of *delay* shall be excluded from the computation." *Id.* (emphasis added). Failure to meet the rule's prompt-trial requirement constitutes grounds for dismissal. *See id.* 600(D)(1).

On June 6, 2011, the Commonwealth filed a complaint against Appellant charging him with a series of crimes arising out of a drive-by shooting, including attempted murder and aggravated assault. A scheduling conference was conducted in September of that year, and trial originally was slated for April 2, 2012. At a status meeting on March 20, 2012, however, per the Commonwealth's request, trial was continued. A prosecutor advised the common pleas court that the Commonwealth was not yet in a position to provide complete discovery, the assigned assistant district attorney had a planned vacation on the then-scheduled trial date, and DNA testing of genetic material from Appellant was contemplated. Trial was rescheduled to September 10, 2012. As of the time of the March 20 conference, about nine and one-half months had passed since the filing of the complaint.

After trial was again continued, Appellant filed a Rule 600 motion to dismiss. In connection with the motion, Appellant conceded that several weeks should be excluded from the 365-day calculation. The parties, however, disputed whether 174 of the days between the filing of the complaint and the status conference should also be excluded. Moreover, given the impact of other aspects of the calculation that are not directly relevant here, the outcome of the dismissal motion turned on whether or not this 174 days was to be included or excluded in the 365-day calculation.

The Commonwealth contended that the time should be excluded. This argument was premised on the notion that Rule 600(C)'s computational instructions, as revised in 2012, radically alter the primary directive that trial is to commence within 365 days. The Commonwealth's position was, in substance, that the instructions afford the prosecution

leeway to proceed, without any diligence, to cause up to 365 days of delay in the commencement of any trial.

The common pleas court rejected this position outright and enforced the rule's main directive, awarding the dismissal remedy. On appeal, the Superior Court reversed, however, adopting the Commonwealth's position, *see Commonwealth v. Mills*, No. 929 EDA 2014, *slip op.*, 2016 WL 104533 (Pa. Super. Jan. 8, 2016), which the Commonwealth defends at length in the present briefing.

Appellant, for his part, explains that the Commonwealth's construction of the rule renders it ineffectual. According to Appellant, by attempting to fairly account for "delay" within the contours of the prompt-trial rule, this Court never meant to transform its requirements to effectively toll the 365-day period throughout all periods of ordinary trial preparation. *See, e.g.*, Brief for Appellant at 22-23 ("By the plain language of either the new Rule 600 or its predecessor, there is no 'delay' during the time from a scheduling conference to a status listing[;] . . . [t]he concept of 'delay' refers to the passage of a period of time that is outside of the ordinary, routine and expected passage of time."). Appellant references *Commonwealth v. Morgan*, 484 Pa. 117, 398 A.2d 972 (1979), as an opinion of this Court buttressing his position. *See id.* at 123-24, 398 A.2d at 975 ("[A]ny occurrences between the filing of the complaint and the commencement of the trial which did not affect the time in which the trial was commenced . . . [is] not properly considered as a 'delay in the proceedings[.]'").

Ordinarily, prompt-trial rulings are reviewed by the appellate courts for an abuse of discretion. *See, e.g.*, *Commonwealth v. Burno*, ___ Pa. ___, ___, 154 A.3d 764, 793 (2017). Presently, however, the dispositive question is framed as a legal issue, *see, e.g.*, Brief for Appellee at 1, over which our review is plenary. *See, e.g.*, *In re D.L.H.*, 606 Pa. 550, 563, 2 A.3d 505, 513 (2010).

Upon review, we agree with Appellant that time attributable to the normal progression of a case simply is not "delay" for purposes of Rule 600. *Accord Morgan*, 484 Pa. at 123-24, 398 A.2d at 975. We realize that, given this Court's holding that periods of judicial delay are excludible from calculations under the rule, *see, e.g.*, *Commonwealth v. Bradford*, 616 Pa. 122, 141, 46 A.3d 693, 705 (2012), courts of original jurisdiction must apply judgment in distinguishing between delay attributable to the court and that which should be allocated to a party.

These courts also have discretion, however, to differentiate between time necessary to ordinary trial preparation and judicial delay arising out of the court's own scheduling concerns. Accordingly, where a trial-ready prosecutor must wait several months due to a court calendar, the time should be treated as "delay" for which the Commonwealth is not accountable. Here, however, the Commonwealth does not argue that it was prepared for trial during the 174 days in issue.

Under the Commonwealth's approach, time during which no one is prepared for trial -- or even possibly could be ready -- is "delay." Such theory is not borne out in any of this Court's decisions, and we find it to be inconsistent with both the letter and spirit of Rule 600.[1]

The order of the Superior Court is reversed and the matter is remanded for reinstatement of the dismissal order.

Justices Baer, Todd, Donohue, Dougherty and Wecht join the opinion.

---

[1] We do not foreclose the possibility that matters attributable to the defendant during the trial-preparation period could affect the Commonwealth's readiness and, therefore, may impact the calculation. All that is before us presently is a request for a bright-line rule that ordinary trial preparation should always be deemed to be delay and is excludible as a matter of course, and our decision is limited to a rejection of that position.

Justice Wecht files a concurring opinion in which Justices Todd and Donohue join.

Justice Mundy did not participate in the consideration or decision of this case.