J-S22007-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DAVID MICHAEL BROWN | : | |
| | : | |
| Appellant | : | No. 1824 MDA 2019 |

Appeal from the PCRA Order Entered September 26, 2019
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0007803-2011

BEFORE:   OLSON, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:                    **FILED MAY 29, 2020**

Appellant, David Michael Brown, appeals from an order entered September 26, 2019, which dismissed his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The relevant factual and procedural history of this case are as follows. On November 20, 2013, following a bench trial, Appellant was convicted of receiving stolen property, persons not to possess a firearm, and possession of a controlled substance.  He was later sentenced to eight to 16 years' incarceration.  This Court affirmed Appellant's judgment of sentence on July 30, 2015 and our Supreme Court subsequently denied *allocatur* on December

_____

[*] Retired Senior Judge assigned to the Superior Court.

7, 2015. ***Commonwealth v. Brown***, 2016 WL 6114626 (Pa. Super. 2015), *appeal denied,* 128 A.3d 218 (Pa. 2015).

On November 16, 2016, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel and, on March 23, 2017, counsel filed an amended PCRA petition on Appellant's behalf. Appellant's petition claimed, *inter alia*, that both trial and appellate counsel were ineffective. The PCRA court held an evidentiary hearing on August 24, 2018, during which only Appellant testified. Ultimately, on September 26, 2019, the PCRA court dismissed Appellant's PCRA petition. This appeal followed.[1]

Appellant raises the following issues on appeal:

   I.   Whether the PCRA court erred in failing to appoint substitute PCRA counsel[] under Pa.R.Crim.P. 904, whe[n] it permitted appointed PCRA counsel to withdraw several days before [the expiration of] the time for filing a timely appeal?

   II.   Whether the PCRA court erred in finding that trial [] and appellate counsel were effective in [litigating Appellant's] Rule 600 claim?

   III.   Whether [Appellant] was denied his . . . constitutional due process rights to effective assistance of PCRA counsel and his rule-based right to such assistance[] whe[n original] PCRA

---

[1] On November 6, 2019, the PCRA court entered an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b)(1). Appellant's current counsel entered his appearance on November 22, 2019, and timely complied. The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on December 11, 2019. Appellant then filed a *nunc pro tunc* supplement/clarification to his Rule 1925(b) statement on December 11, 2019. The PCRA court issued a second opinion pursuant to 1925(a) on December 16, 2019.

counsel provided ineffective assistance in litigating Appellant's Rule 600 claims]?

Appellant's Brief at 9.

We "review a denial of PCRA relief to determine whether the PCRA court's findings are supported by the record and free of legal error." *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010). "[Our] scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party." *Commonwealth v. Hammond*, 953 A.2d 544, 556 (Pa. Super. 2008).

As a prefatory matter, we must address the timeliness of Appellant's appeal. The timeliness of an appeal implicates our jurisdiction, which we may raise *sua sponte.* *Commonwealth v. Andre*, 17 A.3d 951, 957–958 (Pa. Super. 2011). Pursuant to Pa.R.A.P. 903, a "notice of appeal. . . shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). This Court has, however, previously recognized that:

> [t]he *pro se* prisoner's state of incarceration prohibits him from directly filing an appeal with the appellate court and prohibits any monitoring of the filing process. Therefore[,] . . . a *pro se* prisoner's appeal shall be deemed to be filed on the date that he delivers the appeal to prison authorities and/or places his notice of appeal in the institutional mailbox.

*Commonwealth v. Perez*, 799 A.2d 848, 851 (Pa. Super. 2002) (parallel citations omitted).

We conclude that Appellant filed a timely notice of appeal. The PCRA court dismissed Appellant's PCRA petition on September 26, 2019. Thus, to be considered timely, Appellant needed to file his notice of appeal by October 28, 2019. *See* 1 Pa.C.S.A. § 1908. On October 25, 2019, the PCRA court granted Appellant's counsel permission to withdraw; hence, as of that date, Appellant was no longer represented by counsel and could act *pro se* without implicating any concerns with hybrid representation. Appellant's *pro se* notice of appeal is dated October 28, 2019, which is the final date of the appeal period. Because Appellant, as a *pro se* prisoner, is entitled to the benefit of the prisoner mailbox rule, we may accept "any reasonably verifiable evidence" that Appellant "deposit[ed] the appeal with the prison authorities" on or before October 28, 2019. *Perez*, 799 A.2d at 851. Appellant's notice of appeal dated October 28, 2019 supports the conclusion that he timely deposited the notice with prison authorities. Accordingly, for purposes of this matter, we shall treat Appellant's notice of appeal as timely filed.[2]

---

[2] In his first appellate issue, Appellant argues that "this Court cannot consider [Appellant's] *pro se* notice of appeal untimely" because the PCRA court permitted counsel to withdraw approximately "one day before [Appellant] was required to file his notice of appeal" and did not appoint substitute counsel. Appellant's Brief at 21. Because we conclude that Appellant filed a timely notice of appeal pursuant to the prisoner mailbox rule, we need not address this precise issue.

Next, Appellant argues that trial and appellate counsel provided ineffective assistance. The following principles govern our review of Appellant's claim:

> To establish [] counsel's ineffectiveness, a petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for the course of action or inaction chosen; and (3) counsel's action or inaction prejudiced the petitioner.
>
> Furthermore, a PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him.
>
> Counsel's assistance is deemed constitutionally effective once this Court determines that the defendant has not established any one of the prongs of the ineffectiveness test.

*Commonwealth v. Freeland*, 106 A.3d 768, 775 (Pa. Super. 2014) (internal citations, quotations and brackets omitted).

Herein, Appellant argues that a violation of Pa.R.Crim.P. 600 occurred because "in excess of 365 days elapsed between the filing of the [criminal] complaint and [his] trial." Appellant's Brief at 37. As such, Appellant claims that trial counsel was ineffective for failing to "adequately" raise a Rule 600 claim prior to the commencement of trial. *Id.* Likewise, Appellant argues that appellate counsel was ineffective for failing to preserve a Rule 600 challenge on direct appeal. *Id.*

Rule 600 provides, in relevant part:[3]

**(A) Commencement of Trial; Time for Trial**

(1) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or *nolo contendere*.

(2) Trial shall commence within the following time periods.

(a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

* * *

**(C) Computation of Time**

(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

* * *

**(D) Remedies**

(1) When a defendant has not been brought to trial within the time periods set forth in paragraph (A), at any time before trial, the defendant's attorney, or the defendant if unrepresented, may file a written motion requesting that the charges be dismissed with prejudice on the ground that this rule has been violated. A copy of the motion shall be served on the attorney for the Commonwealth concurrently with filing. The judge shall conduct a hearing on the motion.

_____

[3] Pa.R.Crim.P. 600 was amended on July 1, 2013. Appellant filed his *pro se* motion to dismiss based upon Rule 600 on November 19, 2013. Appellant's counsel adopted and litigated Appellant's *pro se* motion on November 20, 2013. Because Appellant's motion and counsel's litigation thereof occurred after the July 1, 2013 amendment went into effect, we will evaluate counsel's performance in accordance with the current version of Rule 600.

Pa.R.Crim.P. 600.

> This Court has explained
>
> > the courts of this Commonwealth employ three steps in determining whether Rule 600 requires dismissal of charges against a defendant. First, Rule 600(A) provides the mechanical run date. Second, we determine whether any excludable time exists pursuant to Rule 600(C). We add the amount of excludable time, if any, to the mechanical run date to arrive at an adjusted run date.

*Commonwealth v. Bethea*, 185 A.3d 364, 371 (Pa. Super. 2018) (cleaned up).

Accordingly, to determine whether a Rule 600 violation occurred, a court must "account for any 'excludable time' and 'excusable delay.'" *Commonwealth v. Colon*, 87 A.3d 352, 357 (Pa. Super. 2014) (citation omitted). "Excludable time is delay that is attributable to the defendant or his counsel." *Id.* The following periods must be excluded:

> (1) the period of time between the filing of the written complaint and the defendant's arrest, provided that the defendant could not be apprehended because his or her whereabouts were unknown and could not be determined by due diligence;
>
> (2) any period of time for which the defendant expressly waives Rule 600;
>
> (3) such period of delay at any stage of the proceedings as results from either the unavailability of the defendant or the defendant's attorney or any continuance granted at the request of the defendant or the defendant's attorney.

Pa. R. Crim. P. 600, *cmt.* Moreover, "periods of judicial delay are excludable from calculations under Rule 600." *Commonwealth v. Mills*, 162 A.3d 326, 325 (Pa. 2017).

Excusable delay, on the other hand, "is delay that occurs as a result of circumstances beyond the Commonwealth's control and despite its due diligence." **Colon**, 87 A.3d at 357. In determining whether the Commonwealth has exercised reasonable diligence, we are guided by the following.

> Due-diligence is a fact-specific concept that is determined on a case-by-case basis. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth. Judicial delay may justify [the postponement of] trial beyond the adjusted run date if the Commonwealth was prepared to commence trial prior to the expiration of the mandatory period but the court was unavailable because of 'scheduling difficulties and the like.'

**Commonwealth v. Lynch**, 57 A.3d 120, 124 (Pa. Super. 2012), *appeal denied*, 63 A.3d 1245 (Pa. 2013) (internal citations and quotations omitted).

Herein, we must review the procedural history of this case to determine whether a violation of Rule 600 occurred. A review of the certified record reveals that the Commonwealth filed a criminal complaint against Appellant on September 30, 2011. A preliminary hearing was originally scheduled for October 10, 2011 but, due to a continuation initiated by the magistrate district judge, it did not occur until December 19, 2011.

Following Appellant's formal arraignment, the trial court scheduled a pre-trial conference for February 22, 2012. On February 21, 2012, however, Appellant filed an omnibus pre-trial motion, which included a motion to suppress. Thus, on February 22, 2012, the parties met and the trial court

scheduled a hearing on Appellant's omnibus motion for March 23, 2012. After the hearing on Appellant's motion, the trial court reserved decision, but ultimately denied suppression on October 5, 2012. Then, the trial court scheduled trial for December 2012.

On November 30, 2012 the trial court conducted a pre-trial conference. During the conference, defense counsel informed the court that the Commonwealth recently provided the defense with additional discovery, specifically, a dash-cam video. As such, Appellant's counsel indicated that he wished to file a motion to reconsider his omnibus pre-trial motion and requested a continuance until the January trial term. The trial court granted Appellant's request and scheduled a hearing for January 4, 2012.

Thereafter, on December 12, 2012, Appellant filed a motion to reconsider the omnibus pre-trial motion in light of the newly-obtained discovery. The trial court granted reconsideration on December 20, 2012. On January 4, 2013, Appellant filed a motion for a trial continuance and executed a Rule 600 waiver. The trial court granted Appellant's motion that same day. The trial court held an additional hearing on Appellant's omnibus pre-trial motion on January 30, 2013. This time, Appellant utilized the video previously obtained from the Commonwealth. Again, the trial court took the matter

under advisement. On May 14, 2013, however, the trial court denied Appellant's motion.[4]

The trial court conducted a status conference on August 5, 2013 and subsequently scheduled Appellant's trial for September 23, 2013. On September 16, 2013, however, the court "informed both parties that the trial court judge, an officer in the Army Reserve, [recently] received mandatory military orders to report for duty in Africa for a three week period that overlapped with the proposed trial date, and that the trial would be moved . . . to September 20, 2013." Trial Court Opinion, 9/26/19, at 5. Thereafter, the Commonwealth informed the court that it could not gather "[its] six witnesses" on "only five days' notice." *Id*. In addition, on September 18, 2013, Appellant submitted *pro se* correspondence to the York County District Attorney's Office "asking them to allow him to take a plea agreement he previously refused." *Id*. In light of the foregoing, the trial court entered an order continuing trial to October 29, 2018.

On the date set for trial, the Commonwealth filed a motion for a continuance. In the motion, the Commonwealth claimed that its key witness was unavailable. The trial court entered an order on October 30, 2013, rescheduling trial for November 20, 2013. Then, on November 8, 2013,

---

[4] Although the trial court stated in its May 14, 2013 order that it denied Appellant's "motion for reconsideration" of his omnibus pre-trial motion, the record reflects that the court denied the merits of Appellant's supplemented omnibus pre-trial motion. *See* Trial Court Order, 5/14/13 at 1-2. The court previously agreed to reconsider Appellant's omnibus pre-trial motion on December 20, 2012.

Appellant's counsel filed a motion to withdraw. Subsequently, Appellant submitted multiple *pro se* motions to the court, including a motion alleging ineffective assistance of counsel, a petition for writ of *habeas corpus*, and a motion to dismiss pursuant to Rule 600.

On November 20, 2013, prior to trial, the court addressed counsel's motion to withdraw and Appellant's various *pro so* filings, including his motion to dismiss. Ultimately, trial counsel was not permitted to withdraw and adopted and litigated Appellant's motion to dismiss. The trial court subsequently denied Appellant's motion and Appellant's bench trial commenced thereafter.

Upon review of the preceding procedural history, we conclude that Appellant's Rule 600 claim lacks merit. The Commonwealth filed a criminal complaint against Appellant on September 30, 2011. As such, the mechanical run date was September 30, 2012. A total of 477 days of delay, however, are attributable to Appellant and the judiciary and, as such, are excludable. Specifically, Appellant caused the following periods of delay: February 21, 2012 to October 5, 2012 (Appellant's omnibus pre-trial motion); and November 30, 2012 to May 14, 2013 (Appellant's motion to reconsider the omnibus pre-trial motion and motion to continue trial).[5] Moreover, the

_____

[5] Appellant argues that the "period between [Appellant's] receipt of the [] video and the [trial c]ourt's decision on his motion for reconsideration is [] not excludable . . . because the motion was only filed as a result of the Commonwealth's failure to provide requested discovery in the nature of the []

following period is attributable to judicial delay: August 5, 2013 to October 29, 2013 (order scheduling trial, trial judge's mandatory military leave).[6] Adding the excludable time to the mechanical run date, we calculate the adjusted run date to be January 20, 2014.

---

video." Appellant's Brief at 28, *citing* **Commonwealth v. Edwards**, 595 A.2d 52, 55 (Pa. 1991) (holding that an uncontested discovery request does not toll the Rule 600 limit); **Commonwealth v. Hill**, 736 A.2d 578, 587 (Pa. 1999) (holding that the a defendant is only "unavailable" for purposes of a Rule 600 analysis if the defendant's pretrial motion "delay[s] the commencement of trial[]"). Neither of these cases, however, address the effect of a defendant's request for a continuance and express waiver of his speedy trial rights. Herein, Appellant, knowing that the Commonwealth failed to provide the additional discovery, requested a trial continuance on November 30, 2012 and January 4, 2013, and executed a Rule 600 waiver on January 4, 2013. As stated above, a court may exclude "any period of time for which the defendant expressly waives Rule 600" and any period resulting from a "continuance granted at the request of the defendant or the defendant's attorney." Pa.R.Crim.P. 600, *cmt*. We cannot ignore the fact that Appellant executed a Rule 600 waiver and made two requests for a trial continuance even if he alleges that both of these actions were the result of the Commonwealth's failure to provide additional discovery. Accordingly, we conclude that the period between November 30, 2012 and May 14, 2013 is excludable.

[6] Appellant claims that the "168 days . . . between the trial court's denial of [Appellant's] reconsideration motion [(May 14, 2013)] and the scheduling of trial on October 29, 2013" is not excludable because the "time that elapsed during the ordinary course of the proceedings." Appellant's Brief at 25. We agree with Appellant that the period of time between May 14, 2013 and August 5, 2013 is not excludable. As mentioned above, however, the period between August 5, 2013 and October 29, 2013 constitutes judicial delay and, as such, is excludable. After the August 5, 2013 hearing, the trial court scheduled trial for September 23, 2013, which it noted was the earliest possible date for trial. Thereafter, the trial court re-scheduled trial for October 29, 2013, in light of its required military leave. Thus, a total of 85 days constitutes judicial delay and, as such, is excludable.

- 12 -

In addition, we calculate a total of 69 days of excusable delay. Indeed, because the magistrate district judge unilaterally continued Appellant's preliminary hearing, the period of October 11, 2011 to December 19, 2011, is excusable.[7] *See Commonwealth v. Bradford*, 46 A.3d 693, 704-705 (Pa. 2012). Accordingly, this calculation extends the final, adjusted run date to (at the earliest) March 31, 2014 – nearly four months **after** Appellant's trial commenced. Hence, Appellant's claim that trial and appellate counsel provided ineffective assistance for failing to preserve and adequately raise a Rule 600 claim is without merit.

Lastly, Appellant argues that PCRA counsel was ineffective. In particular, Appellant asserts that PCRA counsel "inadequately presented" his claims regarding trial and appellate counsel's ineffectiveness "by erroneously conceding [that] time frames were excludable" under Rule 600. Appellant's Brief at 37. However, "claims of PCRA counsel's ineffectiveness may not be

---

[7] Herein, Appellant argues that the "magisterial district court['s] continuation of the preliminary hearing from October 10, 2011 through December 19, 2011 is [not] excludable." Appellant's Brief at 29. In support, Appellant cites *Commonwealth v. Lynn*, 815 A.2d 1053, 1057 (Pa. Super. 2003) (explaining that "[d]elay caused by a district justice . . . is not excludable time for purposes of calculating the Rule 600 run date.") (citation omitted). Appellant correctly asserts that this delay is not excludable. Our Supreme Court, however, previously explained that such delay will be **excusable** if the Commonwealth exercises due diligence and a delay "result[s] from judicial delay beyond the Commonwealth's control." *Bradford*, 46 A.3d at 704-705. The Commonwealth exercises due diligence by relying upon the actions of a magistrate district judge. *Id.* Accordingly, we conclude that the 69-day delay resulting from the magisterial district judge's continuation of the preliminary hearing is "excusable delay" pursuant to Rule 600.

raised for the first time on appeal." ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*); ***see also*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Instead, "issues of PCRA counsel effectiveness must be raised in a serial PCRA petition[.]" ***Commonwealth v. Ford***, 44 A.3d 1190, 1200 (Pa. Super. 2012). We simply may not entertain claims that were not first presented to the PCRA court:

> [Our Supreme Court has] stressed that a claim not raised in a PCRA petition cannot be raised for the first time on appeal. We have reasoned that permitting a PCRA petitioner to append new claims to the appeal already on review would wrongly subvert the time limitation and serial petition restrictions of the PCRA. The proper vehicle for raising [a later] claim is thus not [on] appeal, but rather in a subsequent PCRA petition.

***Commonwealth v. Santiago***, 855 A.2d 682, 691 (Pa. 2004) (internal citations and original brackets omitted). Because Appellant did not raise this issue in his PCRA petition or in a serial PCRA petition, we are constrained to find this issue waived.[8] For the forgoing reasons, we affirm the order of the PCRA court.

---

[8] In his brief, Appellant acknowledges that the issue of PCRA counsel's alleged ineffectiveness was not raised before the PCRA court and that current PCRA jurisprudence precludes a petitioner from raising such a claim for the first time on appeal. Nevertheless, Appellant argues that "[f]ailing to permit a PCRA petition[er] to litigate a claim of PCRA counsel ineffectiveness on appeal from the denial of a first-time petition results in no ability to vindicate his right to effective PCRA counsel" which is a "fundamental right rooted in the traditions of justice and fundamental fairness." Appellant's Brief at 49. While Appellant engages in a persuasive argument, "[i]t is beyond the power of a Superior

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/29/2020

---

Court panel to overrule a prior decision of the Superior Court." **Commonwealth v. Pepe**, 897 A.2d 463, 465 (Pa. Super. 2006) (citation omitted). Thus, unless this Court grants *en banc* review or intervening authority of our Supreme Court calls into question a previous decision of this Court, we are bound by our prior case law which prevents a PCRA petitioner from raising a claim of PCRA counsel's ineffectiveness for the first time on appeal. ***See id.***; ***see also Commonwealth v. Morris***, 958 A.2d 569, 581 n.2 (Pa. Super. 2008) (*en banc*) ("It is well-settled that this Court, sitting *en banc*, may overrule the decision of a three-judge panel of this Court.").