J-A25022-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| WILLIAM R. LANDIS JR. | : | No. 501 MDA 2020 |

Appeal from the Order Entered March 13, 2020
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0005405-2009

BEFORE: BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY OLSON, J.: **FILED DECEMBER 17, 2020**

The Commonwealth of Pennsylvania appeals from the March 13, 2020 order dismissing, pursuant to Rule 600 of the Pennsylvania Rules of Criminal Procedure, charges against William R. Landis, Jr. ("Landis"). ***See*** Pa.R.Crim.P. 600. We vacate the trial court's order and remand for trial.

On a previous appeal, a panel of this Court summarized the relevant facts of this case as follows.

> On October 28, 2009, at approximately 9:20 p.m., Berks County Radio dispatched Spring Township Police officers to the [Landis] residence . . . to investigate a possible shooting [after a man called reporting that a woman was shot]. … It was later discovered that the caller was [Landis]. [Landis's] wife, Sharon Landis, was found dead from a gunshot wound to the head on the second floor of the residence. [Sharon Landis] also had other non[-]fatal gunshot wounds on her body. While performing a clearing operation of the residence, officers discovered [Landis] barricaded in the basement. [Landis] had a knife and two guns in his possession and threatened to shoot anyone who came down into the basement. While in the basement, [Landis] made several

telephone calls to family and friends and mentioned his dead wife. [Landis] became increasingly intoxicated as the evening progressed. The Berks County Emergency Response Team was called to the scene, and [Landis] was eventually taken into custody after several hours had elapsed.

***Commonwealth v. Landis***, 201 A.3d 768, 769–770 (Pa. Super. 2018) (citation omitted).

The next day, October 29, 2009, the Commonwealth filed a criminal complaint against Landis. Relating to Sharon Landis, the homicide victim, the Commonwealth charged Landis with one count of first-degree murder, one count of third-degree murder and two counts of aggravated assault (hereinafter, the "Murder Charges"). In addition, because of a struggle that ensued between Landis and the police officials who took him into custody, the Commonwealth charged Landis with the following offenses: one count of assault upon a law enforcement officer; seven additional counts of aggravated assault; four counts of simple assault; 11 counts of recklessly endangering another person; one count of terroristic threats; and two counts of possessing an instrument of a crime (hereinafter, the "Law Enforcement Charges").

Initially, the "cases were [] joined and, on December 10, 2009, [Landis], who was represented by counsel, proceeded to a preliminary hearing." ***Commonwealth v. Landis***, 48 A.3d 432, 434-435 (Pa. Super. 2012) (*en banc*).

> At the conclusion of all testimony, the magistrate bound over all charges for trial. On February 17, 2010, [Landis] filed an omnibus pre-trial motion requesting, *inter alia*, a writ of *habeas corpus* on the charges of murder in the first degree . . . and assault of [a]

- 2 -

law enforcement officer . . . as well as severance of the [Murder Charges and Law Enforcement Charges pursuant to Pa.R.Crim.P. 583.] Following a hearing, by order filed on April 14, 2010, the trial court granted [Landis's] request for severance of the [charges] and issued a writ of *habeas corpus* on the [Law Enforcement Charges]. The Commonwealth filed a timely appeal of the issuance of the writ[.]

[Thereafter, o]n April 23, 2010, the Commonwealth, indicating [that] it intended to try [Landis initially] on the charges related to the murder of his wife, filed a motion *in limine* requesting permission to present [certain] evidence at the murder trial[.]

***

[On August 12, 2010, t]he trial court granted the Commonwealth's motion *in limine* [in part, and denied it in part.] The Commonwealth filed a timely appeal from the trial court's order[.]

On September 17, 2010, upon the Commonwealth's request, this Court consolidated the two notices of appeal. The case was listed for oral argument, and in an opinion filed on May 20, 2011, a three-judge panel of this Court affirmed the trial court's orders. However, on June 3, 2011, the Commonwealth filed an application for reargument *en banc* and/or panel reconsideration, and on August 1, 2011, this Court granted the Commonwealth's application.

*Id*. at 443-444. On June 26, 2012, this Court, *inter alia*, reversed the trial court's order granting Landis's writ of *habeas corpus* and remanded for further proceedings. *Id*. at 449.

Following remand, on August 8, 2012, the Commonwealth filed a motion to schedule trial. The trial court granted the Commonwealth's motion and trial was set to begin November 13, 2012. The trial court, however, entered an order on November 16, 2012, continuing trial until April 1, 2013. The trial court specifically cited that the continuance was "due to [Judge Sprecher's]

- 3 -

health and [the] next available [two] week trial clock." Trial Court Order, 11/16/2012, at 1.

Thereafter, on December 31, 2012, Landis filed his first motion to dismiss pursuant to Pa.R.Crim.P. 600. The trial court heard argument on February 2, 2013, but denied Landis's motion to dismiss on February 7, 2013. On April 1, 2013, Landis proceeded to a jury trial on the Murder Charges. The jury later convicted Landis of first-degree murder.

The trial court convened a sentencing hearing on May 15, 2013. At the hearing, the court sentenced Landis to serve a term of life imprisonment without the possibility of parole. In addition, at sentencing, the Commonwealth informed the court of an agreement the parties entered into regarding the Law Enforcement Charges. Specifically, the attorney for the Commonwealth stated that "the Commonwealth is agreeing and willing to withdraw [the Law Enforcement Charges]" due to "the mandatory life sentence[e] confronting [Landis]" for his conviction of first-degree murder. N.T. Sentencing, 5/15/13, at 4. In exchange, Landis "executed a waiver agreeing to let [the Commonwealth] reinstate [the Law Enforcement Charges]," without objection, if Landis were ever awarded a new trial on the Murder Charges. *Id.* The trial court subsequently entered an order dismissing the Law Enforcement Charges. *See* Trial Court Order, 5/15/13, at 1. Landis then appealed to this Court, and we affirmed his judgment of sentence on

April 10, 2014. *See Commonwealth v. Landis*, 2014 WL 10936726 (Pa. Super. 2014) (unpublished memorandum).

Landis did not file a petition for allowance of appeal. Instead, on December 22, 2014, Landis filed his first counseled petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. In his PCRA petition, Landis raised various claims of trial and appellate counsels' ineffectiveness. On December 21, 2015, the PCRA court granted Landis a new trial based upon one of his claims. The Commonwealth then appealed to this Court and, on November 30, 2016, we affirmed the PCRA court's order. *Commonwealth v. Landis*, 2016 WL 6995387 (Pa. Super. Nov. 30, 2016) (unpublished memorandum). The Commonwealth filed a petition for allowance of appeal which our Supreme Court ultimately denied on July 24, 2017. *Commonwealth v. Landis*, 169 A.3d 1059 (Pa. 2017). The record was then remitted to the trial court on August 18, 2017.

On remand, the Commonwealth filed a motion to reinstate the Law Enforcement Charges, as well as the charges of third-degree murder and aggravated assault which stemmed from Landis's attack on his wife. Landis did not oppose the Commonwealth's request to reinstate the Law Enforcement Charges, but did object to reinstatement of the charges of third-degree murder and aggravated assault on the grounds of double jeopardy. A hearing was held on September 7, 2017, during which the trial court reinstated the Law Enforcement Charges. On October 27, 2017, however, the trial court

entered an order denying the Commonwealth's request to reinstate the third-degree murder and aggravated assault charges. The Commonwealth appealed the trial court's order on November 21, 2017.

Despite the Commonwealth's appeal, on December 22, 2017, Landis filed an omnibus pre-trial motion regarding the Law Enforcement Charges as trial was set to begin on February 26, 2018. The omnibus motion included a motion for writ of *habeas corpus* claiming, *inter alia*, that Landis lacked the requisite intent needed to prove that he assaulted a police officer. On January 18, 2018, the trial court convened a hearing on Landis's motion for writ of *habeas corpus*. During that proceeding, however, Landis "withdrew [his] request for *habeas* relief." N.T. Hearing, 1/18/18, at 4. The court then asked if Landis decided to withdraw his request "with the understanding that we [are] going to trial next month." **Id.** Landis's counsel answered in the affirmative. **Id.** Next, the attorney for the Commonwealth questioned the propriety of proceeding to trial on the Law Enforcement Charges while the Murder Charges were pending on appeal. **Id.** Specifically, the attorney for the Commonwealth stated that it was "not opposed to going forward on the [Law Enforcement Charges]" but was concerned as to "whether [the trial court had] jurisdiction" to do so. **Id.** at 4-5. After much discussion, the court asked Landis's counsel whether he would "waive[] the jurisdiction issue." **Id.** at 19. Landis's counsel stated: "Yes, as it relates to moving forward with the [Law Enforcement Charges,] if that [is] the case they choose to try." **Id.** The court

then scheduled trial to begin May 14, 2018, the earliest date the court was available. *Id*.

On March 8, 2018, however, the trial court issued an order "den[ying] the request to schedule [] trial" on the Law Enforcement Charges. Trial Court Order, 3/8/18, at 1. In doing so, the trial court relied upon Pa.R.A.P. 1701(a) (explaining that, "after an appeal is taken or review of a quasijudicial order is sought, the trial court . . . may no longer proceed further in the matter") and stated that the "lack of subject-matter jurisdiction can never be waived." *Id*. Thereafter, on December 24, 2018, this Court affirmed the trial court's order denying reinstatement of the third-degree murder charge. *Landis*, 201 A.3d at 774. Our Supreme Court subsequently denied *allocatur* on September 4, 2019. *Commonwealth v. Landis*, 217 A.3d 796 (Pa. 2019). The Commonwealth then filed a writ of *certiorari* to the Supreme Court of the United States and that Court denied *certiorari* on March 2, 2020. *See Pennsylvania v. Landis*, 140 S.Ct. 1266 (2020).

On February 11, 2020, Landis filed a supplemental omnibus pre-trial motion which, along with a motion for *habeas corpus* relief, included the motion to dismiss pursuant to Pa.R.Crim.P. 600 that is the subject of this appeal. The trial court conducted a hearing on Landis's motion on February 14, 2020. During that hearing, the Commonwealth argued that "the Rule 600 clock start[ed]" on September 7, 2017, the date that trial court reinstated the Law Enforcement Charges. N.T. Hearing, 2/14/18, at 20. Accordingly, the

Commonwealth claimed that the delay caused by the appeal of the Murder Charges or, in the alternative, the delay resulting from the postponement of trial beyond March 8, 2018, was excusable and, as such, the Commonwealth did not violate Landis's right to a speedy trial pursuant to Pa.R.Crim.P. 600. *Id.* at 19-41.

On February 18, 2020, the trial court denied Landis's motion. In so doing, the trial court held that the Commonwealth "acted in good faith in scheduling [the Law Enforcement Charges]" for trial and, as such, Landis's "constitutional rights [were] not [] violated by the Commonwealth." Trial Court Opinion, 2/18/20, at 3. Further, the court held that, even if a violation occurred, Landis "suffered no prejudice." *Id.*

Thereafter, Landis filed a motion to reconsider the trial court's Rule 600 order. The trial court granted Landis's motion on February 25, 2020. Ultimately, on March 13, 2020, the trial court granted Landis's motion to dismiss. The trial court stated:

> The Commonwealth's failure to bring [Landis] to trial before the expiration of the Rule 600 period constitutes grounds for dismissal of the charges with prejudice pursuant to the unambiguous language of Rule 600 regarding violations. The trial in the case *sub judice* had to occur before September 6, 2018. As of March 6, 2020 . . . 911 days have passed since the Commonwealth reinstated the [Law Enforcement Charges]. The trial is more than two years overdue and more than ten years since the [i]nformation was filed. Justice for [Landis] has been denied because the prompt, timely resolution of this case was denied in violation of Pa.R.Crim.P. 600.

Trial Court Opinion, 3/13/20, at 5-6. This timely appeal followed.[1]

The Commonwealth raises the following issue on appeal:

Did the trial court err in dismissing [the Law Enforcement Charges] pursuant to Pa.R.Crim.P. 600?

Commonwealth's Brief at 4.

Herein, the Commonwealth argues that the trial court erred in granting Landis's motion to dismiss pursuant to Pa.R.Crim.P. 600. Our review of this issue is governed by the following standard:

In evaluating [Pa.R.Crim.P.] 600 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Furthermore:

The proper scope of review [ . . . ] is limited to the evidence of record of the [Pa.R.Crim.P.] 600 evidentiary hearing, and the findings of the trial court. An appellate court must view the facts in the light most favorable to the prevailing party. Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind [Pa.R.Crim.P.] 600. [Pennsylvania Rule of Criminal Procedure] 600 serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the

---

[1] The Commonwealth filed its notice of appeal on March 20, 2020. Pursuant to Pa.R.A.P. 311(d), the Commonwealth certified that the order terminated or substantially handicapped its ability to prosecute Landis. **See** Commonwealth's Notice of Appeal, 3/20/20, at 1. On April 1, 2020, the trial court entered an order directing the Commonwealth to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b)(1). The Commonwealth timely complied. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on April 22, 2020.

administrative mandate of [Pa.R.Crim.P.] 600 was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, [Pa.R.Crim.P.] 600 must be construed in a manner consistent with society's right to punish and deter crime.

*Commonwealth v. Martz*, 926 A.2d 514, 517 (Pa. Super. 2007) (citation omitted).

Rule 600 provides, in relevant part:

**(A) Commencement of Trial; Time for Trial**

(2) Trial shall commence within the following time periods.

* * *

(e) When an appellate court has remanded a case to the trial court, the new trial shall commence within 365 days from the date of the written notice from the appellate court to the parties that the record was remanded.

Pa.R.Crim.P. 600(A)(2)(e).

This Court has explained

the courts of this Commonwealth employ three steps in determining whether Rule 600 requires dismissal of charges against a defendant. First, Rule 600(A) provides the **mechanical run date**. Second, we determine whether any excludable time exists pursuant to Rule 600(C). We add the amount of excludable time, if any, to the mechanical run date to arrive at an **adjusted run date**.

*Commonwealth v. Bethea*, 185 A.3d 364, 371 (Pa. Super. 2018) (cleaned up) (emphasis in original).

We first consider whether the trial court correctly determined the mechanical run date pursuant to Rule 600(A). Where a trial is set to commence on remand following an appeal, Pa.R.Crim.P. 600(A)(2)(e) mandates that the trial begin "within 365 days from the date of the written notice from the appellate court to the parties that the record was remanded." Pa.R.Crim.P. 600(A)(2)(e). In this case, the PCRA court, on December 21, 2015, granted Landis a new trial based upon one of the claims asserted in his PCRA petition. After the Commonwealth appealed, this Court affirmed the PCRA court's order on November 30, 2016, and our Supreme Court denied *allocatur* on July 24, 2017. On August 18, 2017, the record was remitted to the trial court. Because the trial in this case was set to commence following remand from appellate litigation that considered Landis's entitlement to relief in the context of collateral proceedings, Rule 600(A)(2)(e) supplied the applicable guidance for determining the mechanical run date. Accordingly, pursuant to Rule 600(A)(2)(e), the mechanical run date in this case is August 20, 2018.[2] **See Commonwealth v. Sisneros**, 692 A.2d 1105, 1108 (Pa. Super. 1997), *appeal denied*, 702 A.2d 1060 (Pa. 1997) (citation omitted) (mechanical run date shall be 365 days from date on which appellate court

---

[2] Because August 18, 2018 fell on a Saturday, the mechanical run date for purposes of Rule 600 is August 20, 2018. **See** 1 Pa.C.S.A. § 1908 ("Whenever the last day of any [period referenced in a rule or statute] shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.").

- 11 -

prothonotary actually remands record to trial court, not date appellate court enters its remand order).

Here, the trial court identified the mechanical run date as September 6, 2018, which fell 365 days after the Commonwealth reinstated the Law Enforcement Charges. Rule 600(A)(2)(e), however, looks to the date of remand, not the date that charges are reinstated, to calculate the mechanical run date. Thus, the trial court erred and the mechanical run date in this case is August 20, 2018.[3]

Next, we consider any excludable time and excusable delay to derive an adjusted run date. **See Commonwealth v. Colon**, 87 A.3d 352, 357 (Pa. Super. 2014). "[P]eriods of judicial delay are excludable from calculations under Rule 600." **Commonwealth v. Mills**, 162 A.3d 326, 325 (Pa. 2017). Indeed, "where a trial-ready prosecutor must wait several months due to a court calendar, the time should be treated as 'delay' for which the

---

[3] In its Rule 1925(a) opinion, the trial court identified January 10, 2011 (365 days after the Commonwealth filed its original criminal information against Landis) as an alternate mechanical run date. Trial Court Opinion, 4/22/20, at 2. This calculation is also flawed. First, this projected mechanical run date fails to consider that trial in this matter was set to commence following remand from appellate proceedings that took place during Landis's collateral challenge to his original conviction. Hence, Rule 600(A)(2)(e), not Rule 600(A)(2)(a) which the trial court appears to have used, governs the calculation of the mechanical run date. Moreover, Rule 600(A)(2)(a) calculates the mechanical run date from the date on which the criminal complaint is filed, not the criminal information. **See** Pa.R.Crim.P. 600(A)(2)(a)(explaining that "a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the **complaint** is filed")(emphasis added).

Commonwealth is not accountable." *Id.* However, time attributable to the normal progression of the case is not excludable. *Id.*

Excusable delay, on the other hand, "is delay that occurs as a result of circumstances beyond the Commonwealth's control and despite its due diligence." *Colon*, 87 A.3d at 357. "Due diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort." *Commonwealth v. Selenski*, 994 A.2d 1083, 1089 (Pa. 2010). "[T]he Commonwealth must do everything reasonable within its power to guarantee that a trial begins on time," *Colon*, 87 A.3d at 359 (citation omitted), and it bears the burden of proving by a preponderance of the evidence that it exercised due diligence. *Commonwealth v. Plowden*, 157 A.3d 933, 941 (Pa. Super. 2017) (*en banc*) (citation omitted); *see also Commonwealth v. Ramos*, 936 A.2d 1097, 1102 (Pa. Super. 2007) (holding due diligence "includes, among other things, listing a case for trial prior to the run date, preparedness of trial within the run date, and keeping adequate records to ensure compliance with Rule 600"). It is settled that "'[e]xcusable delay' for purposes of Rule [600] review includes delay caused by appellate review of pretrial motions." *Commonwealth v. Boczkowski*, 846 A.2d 75, 83 n.7 (Pa. 2004).

In this case, the disputed period of delay revolves around the Commonwealth's appeal of the trial court's order denying reinstatement of the

third-degree murder charge. The Commonwealth contends that the entire period, November 21, 2017 (the date the Commonwealth filed its notice of appeal) through March 2, 2020 (the date the Supreme Court of the United States denied the Commonwealth's writ of *certiorari*), constitutes "excusable delay." The trial court concluded that this period was not excusable. *See* Trial Court Opinion, 4/22/20, at 4. Specifically, the trial court held that

> [t]he Commonwealth's interlocutory appeal of the [o]rder denying its motion to reinstate [the third-degree murder charge] act[ed] as a stay of the proceedings as [to] the [the Murder Charges exclusively] and ha[d] no effect on the time to bring the severed [Law Enforcement Charges] to trial. The stay prescribed by Pa.R.A.P. 1701(c) is limited to the matters in dispute on appeal. [*See*] *Commonwealth v. Moyer*, 617 A.2d 744 (1992). Therefore, [the trial] court always had jurisdiction over the [Law Enforcement Charges].

*Id.* (parallel citation omitted). Thus, the trial court concluded that, because the Commonwealth's appeal concerned only the Murder Charges, and because the trial court severed the Murder Charges from the Law Enforcement Charges, Pa.R.A.P. 1701(c) bestowed jurisdiction upon the trial court to proceed with trial on the Law Enforcement Charges. Upon review, we are constrained to disagree.

Pa.R.A.P. 1701, which explains the effect of an appeal, states, in relevant part:

> **(a) General rule**.--Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter.

- 14 -

Pa.R.A.P. 1701(a). Rule 1701(a) therefore "reflects the fact that once an appeal is filed, jurisdiction over the case is transferred to the appellate court, and the trial court therefore no longer has power to act in it." *Commonwealth v. McClure*, 172 A.3d 668, 698 (Pa. Super. 2017); *see also Jackson v. Hendrick*, 746 A.2d 574, 575 (Pa. 2000) ("[f]iling an appeal normally divests the trial court of jurisdiction to proceed").

Rule 1701(c), however, serves as an "exception" to the aforementioned rule. *McClure*, 172 A.3d at 698. Indeed, Pa.R.A.P. 1701(c) provides:

> **(c) Limited to matters in dispute**.--Where only a particular item, claim, or assessment adjudged in the matter is involved in an appeal, or in a petition for review proceeding relating to a quasijudicial order, the appeal or petition for review proceeding shall operate to prevent the trial court or other government unit from proceeding further with only such item, claim, or assessment, unless otherwise ordered by the trial court or other government unit or by the appellate court or a judge thereof as necessary to preserve the rights of the appellant.

Pa.R.A.P. 1701(c). Thus, pursuant to Rule 1701(c), a trial court "retains jurisdiction to continue to act on those parts of the case that are unrelated to the collateral matter (that is, the 'particular item, claim or assessment adjudged') that is the subject of the appeal." *McClure*, 172 A.3d at 698-699 (citation omitted). Notwithstanding, Rule 1701(c) also permits a trial court to enter an order staying proceedings following an appeal of a collateral matter if it is "necessary to preserve the rights of the appellant." Pa.R.A.P. 1701(c).

Even if we assume, for purposes of argument, that the trial court correctly determined that the Commonwealth's appeal of the order denying

reinstatement of the third-degree murder charge was unrelated to the Law Enforcement Charges and, thus, did not defeat the court's jurisdiction to entertain those offenses, we nevertheless conclude that the trial court erred in dismissing the Law Enforcement Charges because the court overlooked the practical and legal effect of its own order entered on March 8, 2018. To recount, the trial court denied the Commonwealth's request to reinstate the third-degree murder and aggravated assault charges on October 27, 2017. Thereafter, the Commonwealth challenged that ruling through an appeal filed on November 21, 2017. Landis then filed an omnibus pre-trial motion on December 22, 2017 and the trial court convened a hearing on the motion on January 18, 2018. At that hearing, the Commonwealth declared its readiness for trial, but also questioned whether the trial court retained jurisdiction over the Law Enforcement Charges while the Murder Charges were pending on appeal. N.T. Hearing, 1/18/18, at 4-5. After much discussion, the court asked Landis's counsel whether he would "waive[] the jurisdiction issue." *Id.* at 19. Landis's counsel answered in the affirmative and the court scheduled trial on the Law Enforcement Charges. *Id.* On March 8, 2018, however, the trial court issued an order "den[ying] the request to schedule [] trial" on the Law Enforcement Charges until the appeal regarding the Murder Charges was resolved. Trial Court Order, 3/8/18, at 1. The trial court cited the following reasons for its order: (1) "lack of subject-matter jurisdiction can never be waived" and (2) Landis's constitutional right against double jeopardy. *Id.*

Ultimately, on March 13, 2020, the trial court granted Landis's motion to dismiss, concluding that the appellate litigation concerning the court's refusal to reinstate the third-degree murder charges against Landis was not excusable.[4]

We read the trial court's March 8, 2018 order as a stay, pursuant to Pa.R.A.P. 1701(c), of the proceedings on the Law Enforcement Charges which the trial court instituted to preserve the rights of an appellant -- in this case, the Commonwealth. *See* Pa.R.A.P. 1701(c). From the text of the order, it is evident that the trial court intended to stay a trial on the Law Enforcement Charges but harbored some confusion as to which party constituted the "appellant" for purposes of Rule 1701(c) and which party possessed rights threatened by a then-pending appeal. The language of the March 8, 2018 order suggests that the trial court may have deemed Landis as the "appellant" and the party in need of protection.[5] Of course, it was the Commonwealth that filed the appeal which was pending at the time. As such, the Commonwealth was the only party which could be considered "the appellant" for purposes of applying Rule 1701(c). Moreover, in view of the potential

---

[4] Implicitly, and in apparent contrast to its March 8, 2018 order, the court also concluded that litigation of the Commonwealth's appellate claims did not deprive the trial court of jurisdiction over the Law Enforcement Charges.

[5] We draw this inference because the order references Landis's constitutional right against double jeopardy and Rule 1701(c) permits the court to stay proceedings even as to unrelated matters if "necessary to preserve the rights of the appellant." Pa.R.A.P. 1701(c).

delay resulting from the Commonwealth's pending appeal, as well as the uncertainty exhibited by the parties and the trial judge as to whether the court retained jurisdiction to proceed on the Law Enforcement Charges, it is clear that preservation of the Commonwealth's right to prosecute Landis on the Law Enforcement Charges without violating Pa.R.Crim.P. 600 is the only purpose that could be served by the trial court's March 8, 2018 stay order.[6]  Therefore, even if the Commonwealth's appeal of the trial court's double jeopardy ruling was unrelated to the Law Enforcement Charges and did not deprive the court of jurisdiction over those offenses, the court's March 8, 2018 stay order is best viewed as a directive entered by the court to preserve the rights of the Commonwealth under Pa.R.A.P. 1701(c).  Thus, the period extending from the trial court's order (March 8, 2018) until the Supreme Court of the United States denied the Commonwealth's writ of *certiorari* (March 2, 2020), a total of 725 days, is excusable.  **See Thomas Jones v. Commonwealth**, 434 A.2d 1197, 1200-1201 (Pa. 1981) (holding that the Commonwealth's appeal to the Supreme Court of Pennsylvania and subsequent *certiorari* petition to the

_____

[6] The trial court offers no cogent explanation for protecting Landis's rights during the pendency of the Commonwealth's appeal.  At the time the Commonwealth instituted appellate proceedings, Landis had successfully asserted his protection against double jeopardy.  Moreover, any delay resulting from litigation of the Commonwealth's appellate claims could only trigger, not diminish, Landis's speedy trial rights under Rule 600.  On the other hand, in the absence of a stay order such as the one entered here, the Commonwealth faced the prospect of forfeiting its right to prosecute Landis on the Law Enforcement Charges if the passage of time resulting from litigation of its appellate claims were not deemed excusable delay.

United States Supreme Court, which was denied, did not violate the appellant's right to "a speedy trial as granted by Rule [600,] because timely appellate review "divested the trial court of authority to proceed and, therefore, acted "as an automatic supersedes" of the rule). This calculation extends the adjusted run date to (at the earliest) August 14, 2020 – nearly six months **after** Landis filed his motion to dismiss pursuant to Pa.R.Crim.P. 600.

Our conclusion that the period of delay at issue in this case resulted from excusable circumstances and despite the Commonwealth's due diligence is bolstered by several additional factors established by the record. The Commonwealth, at all relevant times, professed its readiness to proceed to trial on the Law Enforcement Charges. In addition, with the entry of the March 8, 2018 order, the trial court may have led the attorney for the Commonwealth to believe that, throughout the pendency of the ongoing appeal, no further action was needed to preserve the Commonwealth's right to proceed to trial on the Law Enforcement Charges and to avoid a violation of Rule 600. Hence, the order likely caused the Commonwealth to relax its diligence. In view of these circumstances, we cannot conclude that the Commonwealth failed to take all reasonable steps within its power to guarantee that a trial on the Law Enforcement Charges would commence on time.

Based upon the foregoing, we hold that the trial court erred when it dismissed the charges against Landis, based upon the alleged Rule 600

violation. Accordingly, we vacate the court's order and remand the matter for trial.

Order vacated. Case remanded. Jurisdiction is relinquished.

Judge Bowes joins.

Judge King concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/17/2020